[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 11-10640
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 30, 2012
JOHN LEY
CLERK

D.C. Docket No. 0:05-cr-60078-KAM-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ANTOINE FERNAND SAINT SURIN,
a.k.a. Antoine St. Surin,
a.k.a. Commandante,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(May 30, 2012)

Before TJOFLAT, MARCUS and BLACK, Circuit Judges.

PER CURIAM:

Appellant Antoine Fernand Saint Surin and twelve others were named as defendants in a multi-count indictment returned by a Southern District of Florida grand jury on April 12, 2005. Appellant, who was in fugitive status, was arrested in Ecuador by local authorities on November 12, 2009, and transferred to United States custody on November 13, 2009. On April 9, 2010, represented by retained counsel, Joel DeFabio, appellant pled guilty pursuant to a plea agreement to Count 1 of the indictment, which alleged a conspiracy, in violation of 21 U.S.C. § 963, to import into the United States five kilograms or more of a mixture and substance containing cocaine, in violation of 21 U.S.C. § 952(a).

Appellant's sentencing hearing convened on July 23, 2010. After the District Court had heard from counsel as to the appropriate sentence to be imposed, appellant exercised his right of allocution. At that time, he told the court that DeFabio had provided him with ineffective assistance of counsel because DeFabio had been laboring under a conflict of interest; he previously had represented two of appellant's co-indictees, Raynald Saint Pierre and Mateo Vincent.[1] The court briefly questioned appellant and DeFabio about the matter.

---

[1] The cases against Saint Pierre and Vincent were terminated on July 11, 2008 and November 20, 2006, respectively, pursuant to guilty pleas entered on November 5, 2007, and February 16, 2006, respectively.

Appellant said that he was not satisfied with DeFabio's representation and asked for the appointment of counsel. The court granted his request, appointed the Public Defender to represent him in lieu of DeFabio, and rescheduled appellant's sentencing for October 29, 2010.

On October 27, 2010, appellant moved the District Court to withdraw his plea of guilty. The court heard the motion on December 9, 2010, and on January 13, 2011, denied it in a written order. On February 4, 2011, appellant was sentenced to a prison term of 180 months. He now appeals the judgment, arguing that the District Court (1) abused its discretion by denying his motion to withdraw his guilty plea; and (2) failed conduct a *Garcia*[2] hearing.[3]

We review the District Court's denial of a motion to withdraw a guilty plea for abuse of discretion. *United States v. Brehm*, 442 F.3d 1291, 1298 (11th Cir. 2006). There is no abuse of discretion unless the denial is "arbitrary or unreasonable." *Id.* "A district court abuses its discretion if it fails to apply the

---

[2] *United States v. Garcia*, 517 F.2d 272 (5th Cir. 1975), *abrogated on other grounds by Flanagan v. United States*, 465 U.S. 259, 104 S.Ct. 1051, 79 L.Ed.2d 288 (1984).

[3] Appellant also asks this court to stay his appeal and remand the case to the District Court to conduct an evidentiary hearing on his separate claim that his signature on a legal services agreement was forged. We decline his request; we dismissed for failure to prosecute his separate appeal, No. 12-10597, of the denial of his motion to compel the Government and DeFabio to produce original copies of his contract with DeFabio for legal services.

proper legal standard or to follow proper procedures in making the determination, or makes findings of fact that are clearly erroneous." *United States v. Izquierdo*, 448 F.3d 1269, 1276 (11th Cir. 2006) (quotation omitted).

When a District Court accepts a guilty plea, it must ensure that the core concerns of Federal Rule of Criminal Procedure 11 have been met: "(1) the guilty plea must be free from coercion; (2) the defendant must understand the nature of the charges; and (3) the defendant must know and understand the consequences of his guilty plea." *United States v. Freixas*, 332 F.3d 1314, 1318 (11th Cir. 2003) (quotations omitted). After the court has accepted the plea, but before sentence has been imposed, the defendant may withdraw the plea if he can show a "fair and just reason" for its withdrawal. Fed. R. Crim. P. 11(d)(2)(B). *United States v. Buckles*, 843 F.2d 469, 471 (11th Cir. 1988). Normally, the court considers "the totality of the circumstances surrounding the plea" in determining whether the defendant has met that burden. *Id.* at 471-72. Factors to be considered include: "(1) whether close assistance of counsel was available; (2) whether the plea was knowing and voluntary; (3) whether judicial resources would be conserved; and (4) whether the government would be prejudiced if the defendant were allowed to withdraw his plea." *Id.* at 472 (citation omitted). If the defendant does not satisfy the first two factors of the *Buckles* analysis, we need not "give particular attention"

4

to the last two. *United States v. Gonzalez-Mercado*, 808 F.2d 796, 801 (11th Cir. 1987).

In its January 13, 2011 order, the District Court found the following: appellant had close assistance of extremely competent counsel who achieved an excellent result; he understood the nature of the charge to which he pled guilty; the alleged conflict of interest was waived and the quality of representation he received was not adversely affected; and he was not prejudiced by the joint representation. The court went on to say that "[w]hat occurred [was] that Defendant changed his mind about his plea after he was convinced that he was illegally brought into [the United States] and was led to believe that he had a complete and valid defense." The court then found that appellant "testified falsely as to the circumstances surrounding his retention of DeFabio and the waiver of any conflict of interest."

Appellant asks that we not uphold the court's denial of his motion because the court could not find that he waived the alleged conflict of interest without first holding a *Garcia* hearing. We are not persuaded.

The question of whether a defendant waived his counsel's conflict of interest is a mixed question of fact and law that we review *de novo*. *See Hamilton v. Ford*, 969 F.2d 1006, 1010 (11th Cir. 1992) (analyzing conflict-of-interest

5

claims under 28 U.S.C. § 2254).  To the extent that appellant alleges that his Sixth Amendment right to effective assistance of counsel was violated, that is a question of law subject to *de novo* review.  *See United States v. Terry*, 60 F.3d 1541, 1543 (11th Cir. 1995) (analyzing a Sixth Amendment challenge to jury selection).

A defendant's right to effective assistance of counsel is violated when the defendant's attorney has an actual conflict of interest that affects the defendant adversely.  *United States v. Rodriguez*, 982 F.2d 474, 477 (11th Cir. 1993).  A defendant, however, may waive his right to conflict-free counsel.  *Garcia*, 517 F.2d at 276 (evaluating waiver in the context of a defendant who wishes to retain conflicted counsel).  *Garcia* provides that, in the case of a potential counsel conflict of interest, the court should conduct an inquiry, akin to the plea colloquy under Rule 11, to determine whether the defendant wishes to waive the conflict.  *Id.* at 278.  Valid waivers must be not only voluntary, but also must be "knowing, intelligent acts done with sufficient awareness of the relevant circumstances and likely consequences."  *Id.* at 276 (quotation omitted).  Accordingly, a defendant may waive an actual conflict of interest provided the waiver is "knowing, intelligent, and voluntary."  *United States v. Ross*, 33 F.3d 1507, 1524 (11th Cir. 1994).

However, a district court's failure to comply with *Garcia* will not require

reversal absent an actual conflict of interest. *United States v. Mers*, 701 F.2d 1321, 1326 (11th Cir. 1983) (holding that a district court's violation of *Garcia* and Federal Rule of Criminal Procedure 44(c) was harmless error because there was no actual conflict). "Although joint representation of multiple defendants creates a danger of counsel conflict of interest, the mere fact of joint representation will certainly not show an actual conflict." *Id.* (quotation omitted). Rather, to prove an "actual conflict," a defendant must make a factual showing of inconsistent interests by pointing to specific instances in the record. *See id*. at 1328. An appellant must demonstrate that the attorney "made a choice between plausible courses of action, such as presenting arguments or evidence helpful to one client but harmful to the other." *United States v. Khoury*, 901 F.2d 948, 968 (11th Cir. 1990). "There is no violation where the conflict is irrelevant or merely hypothetical." *Mers*, 701 F.2d at 1328 (quotation omitted).

Here, although the court did not convene a formal *Garcia* hearing, it could properly find, and did find, that appellant's factual assertions that he was adversely affected by an actual conflict of interest amounted to no more than hypothetical speculation. This was born out in the hearing the court held on appellant's motion to withdraw.

In final, we conclude that the District Court did not abuse its discretion in

denying appellant's motion to withdraw his plea of guilty.

Affirmed.