[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 11-14540
Non-Argument Calendar
_____

D.C. Docket Nos. 9:07-cv-80119-JAG,

9:95-cr-08083-JAG-1

JUSTINO SANTA,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(October 24, 2012)

Before BARKETT, WILSON and FAY, Circuit Judges.

PER CURIAM:

Justino Santa, a federal prisoner proceeding *pro se*, appeals the district court's denial of his Rule 60(b)(6) motion for relief from judgment in his motion to vacate, filed pursuant to 28 U.S.C. § 2255.   The government argues that the district court lacked jurisdiction to consider Santa's Rule 60(b) motion, and should have construed it as a successive § 2255 motion.   Santa argues that the court properly construed the motion, but that the court should have granted the Rule 60(b) motion because the court previously had failed to address all of the claims in Santa's § 2255 motion.   After careful review we affirm both the district court's exercise of its jurisdiction, and its denial of Rule 60(b) relief.

## I.

We review *de novo* whether the district court had subject-matter jurisdiction to hear a matter.   *Holston Invs., Inc. B.V.I. v. LanLogistics Corp.*, 677 F.3d 1068, 1070 (11th Cir. 2012).   Federal courts are courts of limited jurisdiction, and may only hear cases where authorized by the Constitution and by statute.   *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377, 114 S.Ct. 1673, 1675, 128 L.Ed.2d 391 (1994).   A district court lacks the jurisdiction to hear a second or successive § 2255 motion absent authorization from a Court of Appeals.   28 U.S.C. § 2244(b)(3)(A); 2255(h); *Farris v. United States*, 333 F.3d 1211, 1216 (11th Cir. 2003).

2

A state prisoner's Rule 60(b) motion for reconsideration of his § 2254 petition may be construed as a second or successive petition where it advances one or more claims, as defined in 28 U.S.C. § 2244.   *Gonzalez v. Crosby*, 545 U.S. 524, 530–31, 125 S.Ct. 2641, 2647, 162 L.Ed.2d 480 (2005).   However when a Rule 60(b) motion attacks "some defect in the integrity of the federal habeas proceedings" it should not be treated as a successive habeas petition.   *Id*. at 532, 125 S.Ct. at 2648.   For example, "[a] motion that . . . challenges only the District Court's failure to reach the merits . . . can therefore be ruled upon by the District Court without precertification by the Court of Appeals . . . ." *Id*. at 538, 125 S.Ct. at 2651.

The issue of whether or not a district court had jurisdiction to entertain a Rule 60(b) motion is determined based on the nature of any arguments contained in the motion, and without regard for their validity.   *See Id*. at 535–36, 125 S.Ct. at 2650.   We have previously held that *Gonzalez* applies equally to federal prisoners in the course of § 2255 litigation as it does to state prisoners in § 2254 litigation. *Gilbert v. United States*, 640 F.3d 1293, 1323 (11th Cir. 2011) (*en banc*), *cert. denied*, 132 S.Ct. 1001 (2012).

The government essentially argues that, because Santa's arguments in support of his Rule 60(b) motion lacked validity, the motion should be construed as

3

attacking the district court's ruling on the merits of his § 2255 motion.   However, as the Supreme Court has demonstrated, the district court's jurisdiction is based on the nature of the Rule 60(b) arguments, and not their underlying validity.   *See Gonzalez*, 545 U.S. at 535–36, 125 S.Ct. at 2650.

Santa argued in his Rule 60(b) motion that the district court failed to consider all of the claims he raised in his § 2255 motion.   That argument does not attack the district court's merits determinations, but rather "challenges only the District Court's failure to reach the merits." *See id*. at 538, 125 S.Ct. at 2651.   Accordingly, Santa's Rule 60(b) motion was not a successive § 2255 motion, and the district court had jurisdiction to consider it.

## II.

We may review a district court's ruling on a Rule 60(b) motion only for abuse of discretion.   *Browder v. Dir., Dep't of Corrs. of Ill.*, 434 U.S. 257, 263 n.7, 98 S.Ct. 556, 560 n.7, 54 L.Ed.2d 521 (1978).   We will not disturb a district court's decision on abuse-of-discretion review if its decision falls within a range of permissible choices, and it is not influenced by a mistake of law.   *Zocaras v. Castro*, 465 F.3d 479, 483 (11th Cir. 2006).   The appeal from a denial of Rule 60(b) relief addresses only that decision, and does not bring up the underlying judgment for review.   *Browder*, 434 U.S. at 263 n.7, 98 S.Ct. at 560 n.7.

4

Rule 60(b) names five specific circumstances under which a party to a case may receive relief from a final judgment.    Fed.R.Civ.P. 60(b).    Under Rule 60(b)(6), a party may obtain relief for "any other reason that justifies relief." Fed.R.Civ.P. 60(b)(6).    A movant seeking relief pursuant to Rule 60(b)(6) must show "extraordinary circumstances" justifying the reopening of a final judgment. *Gonzalez*, 545 U.S. at 535, 125 S.Ct. at 2649.

In *Clisby v. Jones*, 960 F.3d 925, 936 (11th Cir. 1992) (*en banc*), we emphasized that it is important for the district court to resolve all claims presented in a § 2254 habeas petition.    *Clisby*, 960 F.2d at 936−38.    We reached that holding in the name of judicial economy, however, and not as a protection of a petitioner's rights.    *Id*. at 938. The rationale of *Clisby* also applies to motions filed pursuant to § 2255.    *Rhode v. United States*, 583 F.3d 1289, 1291 (11th Cir. 2009).

The record demonstrates that the district court in fact did consider each of the claims in Santa's § 2255 motion, and decided that none required that his convictions be vacated. Whether the district court was correct in reaching that conclusion is beyond the scope of this appeal.    *See Browder*, 434 U.S. at 263 n.7, 98 S.Ct. at 560 n.7.    Santa's Rule 60(b) motion argued only that the district court failed to consider all of his claims.    The fact that the district court considered and

5

rejected all of Santa's § 2255 claims on their merits is enough for us to conclude that the district court did not abuse its discretion in denying Santa Rule 60(b) relief.

**AFFIRMED.**