[DO NOT PUBLISH]


IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-10597
Non-Argument Calendar
_____

D.C. Docket No. 0:05-cr-60078-KAM-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ANTOINE FERNAND SAINT SURIN,
a.k.a. Antoine St. Surin,
a.k.a. Commandante,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(January 14, 2013)

Before TJOFLAT, MARTIN and FAY, Circuit Judges.

PER CURIAM:

On April 12, 2005, a Southern District of Florida grand jury returned an 18-count indictment against Antoine Saint Surin and twelve others, charging them with various drug-trafficking offenses. Saint Surin was charged in 12 of the counts. He was a fugitive until November 12, 2009, when he was arrested in Ecuador and brought to the United States.

On April 9, 2010, while represented by retained counsel, Joel DeFabio, he pled guilty pursuant to a plea agreement to Count 1 of the indictment, alleging a conspiracy to import five or more kilograms of cocaine, in violation of 21 U.S.C. §§ 952(a) and 963. The agreement called for the Government to dismiss the remaining counts against Saint Surin at sentencing because he agreed to assist the Government in its narcotics investigation. At the plea hearing, Saint Surin expressed complete satisfaction with DeFabio's representation, assuring the court that his attorney had done everything he could to defend him, and his guilty plea was therefore accepted.

At sentencing, Saint Surin told the District Court that he had been kidnaped in Ecuador and brought to the United States illegally, that DeFabio had rushed him into signing the plea agreement, and that his plea had been coerced. He also said that DeFabio had labored under a conflict of interest because he had represented

2

two codefendants who had plead guilty and been sentenced.  He requested the appointment of new counsel.  The District Court granted his request, appointed new counsel and continued the sentencing hearing.

New counsel thereafter moved the District Court to withdraw Saint Surin's guilty plea due to DeFabio's representation of the two codefendants.  The court convened an evidentiary hearing on the motion, at which Saint Surin and  DeFabio testified and DeFabio explained in detail how he came to represent Saint Surin's codefendants and Saint Surin.  After hearing the testimony and argument of counsel, the court accepted DeFabio's version of the events and denied Saint Surin's motion to withdraw his plea, finding that DeFabio's representation of the two codefendants had caused Saint Surin no prejudice.  The court then proceeded to sentence him to a prison term of 180 months.

On May 30, 2012, this court affirmed Saint Surin's conviction.  *United States v. Saint Surin*, 477 Fed. Appx. 683 (11th Cir. 2012) (unpublished).  In doing so, we held that Saint Surin's argument that DeFabio's representation of the two codefendants prejudiced his case was no more than hypothetical speculation.  We noted that, as part of the appeal, Saint Surin sought a stay of the appeal and a remand for an evidentiary hearing "on his separate claim that his signature on a legal services agreement was forged."  We refused to grant the stay and remand

3

the case for such hearing.

On January 20, 2012, while his appeal was pending, Saint Surin moved the District Court *pro se* to compel the production of certain documents from DeFabio and from the Government, arguing that he had new evidence that DeFabio had an actual conflict of interest due to DeFabio's previous representation of the two codefendants.  The court denied the motion.  Saint Surin appeals the ruling.

In *United States v. Saint Surin*, we held, as indicated above, that it was proper for the District Court to find that Saint Surin had shown no prejudice resulting from an actual conflict of interest, and that his guilty plea satisfied Federal Rule of Criminal Procedure 11.  477 Fed. Appx. at 686.  Under the law-of-the-case doctrine, we are bound by that holding, *see Alphamed, Inc. v. B. Braun Medical, Inc.*, 367 F.3d 1280, 1285-86 (11th Cir. 2004), unless one of the exceptions to the doctrine applies, e.g., "substantially different evidence is produced, when there has been a change in controlling authority, or when the prior decision was clearly erroneous and would result in manifest injustice." *Jackson v. Ala. State Tenure Com'n*, 405 F.3d 1276, 1283 (11th Cir. 2005).  We find no exception here.

AFFIRMED.

4