[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-11714
Non-Argument Calendar
_____

D.C. Docket No. 0:05-cr-60078-KAM-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ANTOINE FERNAND SAINT-SURIN,
a.k.a. Antoine St. Surin,
a.k.a. Commandante,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(December 3, 2015)

Before TJOFLAT, JORDAN and JULIE CARNES, Circuit Judges.

PER CURIAM:

Antoine Fernand Saint-Surin  and twelve others were charged in a multi-count indictment returned by a Southern District of Florida grand jury on April 12, 2005.  Saint-Surin, who was in fugitive status, was arrested in Ecuador by local authorities on November 12, 2009, and transferred to United States custody on November 13, 2009.  On April 9, 2010, represented by retained counsel, he pled guilty pursuant to a plea agreement to conspiracy to import five kilograms or more of cocaine, in violation of 21 U.S.C. § 952(a).  Prior to sentencing, he moved the District Court withdraw his guilty plea, claiming among other things that his retained counsel was laboring under a conflict of interest.  The court denied his motion, but appointed the Federal Public Defender to represent him.  The court subsequently sentenced him to prison for a term of 180 months.  Saint-Surin appealed , challenging the District Court's denial of his motion to withdraw and claiming that his signature on a legal services agreement (dealing with his representation by the Public Defender) was forged.  We affirmed.  _United States v. Saint-Surin, 477_ Fed.Appx. 683 (11th Cir. 2012.

On January 12, 2015, Saint-Surin, appearing _pro se,_ moved the District Court to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2) based on Amendment 782 to U.S.S.G. § 2D1.1.  The amendment lowered the base offense level for most drug offenses.   The court denied his motion, and he appeals the decision, arguing that the court improperly denied his motion based on claims he

2

made in his earlier motion to vacate filed under 28 U.S.C. § 2255.  He also contends that the purposes of a criminal sentence set out in 18 U.S.C. § 3553(a) support a reduction in his sentence.

We review the District Court's decision for an abuse of discretion.  *United States v. Jones*, 548 F.3d 1366, 1368 n.1 (11th Cir. 2008).  A district court may modify a term of imprisonment based on a Guidelines sentence range that has subsequently been lowered by the Sentencing Commission.  18 U.S.C. § 3582(c)(2).  Amendment 782 provides a two-level reduction in the base offense level for most drug offenses.  U.S.S.G. App. C, amend. 782.  In considering a § 3582(c)(2) motion, the court must engage in a two-part analysis.  *United States v. Bravo*, 203 F.3d 778, 780 (11th Cir. 2000).  First, the court recalculates the sentence under the amended guidelines, determining a new base level by substituting the amended guideline range for the originally applied guideline range, and then using that new base level to determine the sentence it would have imposed.  *Id.*  Second, the court decides whether, in its discretion, it will elect to impose the newly calculated sentence under the amended sentence range or retain the original sentence.  *Id.* at 781.  In exercising this discretion, the court should consider the § 3553(a) purposes.[1]  *Id.*; U.S.S.G. § 1B1.10, comment. (n.1(B)(i)).

---

[1] The § 3553(a) factors include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to reflect the seriousness of the offense; (3) the need for the sentence imposed to afford adequate deterrence;

The court must also consider the nature and seriousness of the danger to any person or community that may be posed by a reduction, and it may consider the defendant's post-sentencing conduct. *United States v. Smith*, 568 F.3d 923, 927 (11th Cir. 2009); U.S.S.G. § 1B1.10, comment. (n.1(B)(ii),(iii)).

We find no abuse of discretion here. The record discloses that the District Court considered the § 3553(a) purposes. While the court did not specify which of the purposes guided its decision, the court did consider its previous finding that Saint-Surin's testimony during his motion to withdraw his guilty plea was "knowingly false." The court acted within its discretion in doing that. Moreover, it was within the court's discretion to consider Saint-Surin's post-sentencing filings where he continued to challenge the authenticity of the legal services agreement and his *Miranda*[2] waiver. *See Smith*, 568 F.3d at 927 (the court "may consider the post-sentencing conduct of the defendant"); U.S.S.G. § 1B1.10, comment. (n.1(B)(iii)). While Saint-Surin had s a right to challenge the proceedings, he did not have the right to testify falsely or submit false pleadings. *See Nix*, 475 U.S. at 173, 106 S. Ct. at 997.

AFFIRMED.

---

(4) the need to protect the public; (5) the need to provide the defendant with educational or vocational training or medical care; (6) the kinds of sentences available; (7) the Sentencing Guidelines range; (8) the pertinent policy statements of the Sentencing Commission; (9) the need to avoid unwanted sentencing disparities; and (10) the need to provide restitution to victims. 18 U.S.C. § 3553(a).

[2] *Miranda v. Arizona*, 384 U.S. 436, 86 S. Ct. 1602, 16 L. Ed. 2d 694 (1966).