[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 19-12687
Non-Argument Calendar
_____

D.C. Docket Nos. 0:13-cv-62296-KAM,
0:05-cr-60078-KAM-1

ANTOINE FERNAND SAINT SURIN,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(June 8, 2020)

Before MARTIN, ROSENBAUM and TJOFLAT, Circuit Judges.

PER CURIAM:

Antoine Saint Surin is a federal prisoner serving a 180-month sentence for a

drug-importation offense pursuant to a guilty plea.  Saint Surin appeals the

dismissal of his Federal Rule of Civil Procedure 60(b) motion to set aside a 2015

District Court judgment denying relief under 28 U.S.C. § 2255.  The Court below

found that it had no jurisdiction to entertain Saint Surin's instant Rule 60(b) motion

because the motion was properly construed as a second or successive motion for

habeas corpus relief under § 2255 that was filed without leave of the Court of

Appeals.  Additionally, the Court held that, even if jurisdiction were proper, any

Rule 60(b) argument that Saint Surin purported to make was without merit.[1]  On

appeal, Saint Surin argues that his motion identified a procedural defect in his

earlier § 2255 proceedings—that the District Court in 2015 allegedly failed to

address one of his § 2255 claims or to hold an evidentiary hearing on the claim—

and, thus, the Court below erred in construing his Rule 60(b) motion as an

improperly successive § 2255 petition.  We find that the District Court construed

the motion properly and, therefore, we affirm.

## I.

We review the dismissal of a motion for lack of subject matter jurisdiction

de novo.  *Williams v. Chatman*, 510 F.3d 1290, 1293 (11th Cir. 2007).

Without an order of authorization from this Court, a district court has no

jurisdiction to entertain a second or successive § 2255 petition for habeas corpus

---

[1] Saint Surin's request for a certificate of appealability on the latter issue was denied by this Court.  Thus, on appeal we are tasked only with reviewing the District Court's construal of the motion as a § 2255 petition.

relief, and it must dismiss the petition.  28 U.S.C. § 2255(h).  A prisoner cannot avoid this jurisdictional hurdle by disguising a motion properly filed under § 2255 as a motion pursuant to Rule 60(b).  *Gilbert v. United States*, 640 F.3d 1293, 1323 (11th Cir. 2011) (en banc), *abrogated on other grounds by McCarthan v. Dir. of Goodwill Indus.-Suncoast, Inc.*, 851 F.3d 1076 (11th Cir. 2017) (en banc).  In order to determine whether a purported Rule 60(b) motion is appropriately construed as a disguised § 2255 motion, we use the test laid out by the Supreme Court in *Gonzalez v. Crosby*, 545 U.S. 524, 125 S. Ct. 2641 (2005).

A Rule 60(b) motion for relief from judgment on a § 2255 motion is properly construed as a second or successive § 2255 motion if it either (1) seeks to add a new ground for relief or (2) attacks the district court's prior resolution of a claim on the merits, but not when it attacks a "defect in the integrity" of the § 2255 proceedings.  *Gonzalez*, 545 U.S. at 532, 125 S. Ct. at 2648.  Generally, to attack a "defect in the integrity" of the § 2255 proceedings, the Rule 60(b) motion must allege a fraud on the court or a procedural error that prevented the court from reaching the merits of the § 2255 motion.  *See id.* nn.4–5 (differentiating a challenge to the substance of a § 2255 ruling from allegations of fraud on the court or procedural rulings such as failure to exhaust, procedural default, or statute of limitations that prevent resolution on the merits); *Williams*, 510 F.3d at 1295

3

(holding that an assertion that the movant was not given an opportunity to brief an issue did not attack the court's resolution of a claim on the merits).

Saint Surin's "Rule 60(b)" motion argues that the District Court, when it denied his petition for § 2255 relief in 2015, failed to adequately address an ineffective assistance of counsel claim based on (1) his first attorney's alleged conflict of interest and (2) his subsequent attorneys' failure to investigate the allegation that someone "forged his signature" on the "legal service agreement" between himself and his first attorney.  Saint Surin contends that the District Court caused a "fundamental defect" in the proceedings by failing to hold an evidentiary hearing on the matter and refusing to request production of a waiver of conflict form on which Saint Surin claims that his signature was forged.  Saint Surin claims that this was equivalent to a failure to address the claim at all, and therefore constituted a procedural defect in the proceedings.[2]  He denies that he is attempting to "relitigate old matters," but we disagree.

---

[2] We have held that a district court must resolve all claims for relief—defined as any allegation of a constitutional violation—raised in a § 2255 motion, regardless of whether relief is granted or denied and regardless of whether the claims for relief arise out of the same operative facts.  *Rhode v. United States*, 583 F.3d 1289, 1292 (11th Cir. 2009); *see also Santa v. United States*, 492 F. App'x 949, 951 (11th Cir. 2012) (finding that a Rule 60(b) motion alleging that the district court failed to consider all claims raised in a previous § 2255 motion was properly construed as a Rule 60(b) motion, rather than a successive § 2255 motion, as it did not attack the merits of the previous § 2255 motion's disposition).

In 2015, the District Court found[3] that Saint Surin's ineffective assistance of counsel claim was procedurally barred from being raised in a § 2255 proceeding because it had already been raised and rejected on direct appeal,[4] and even if it were not barred, the evidence inescapably supports the conclusion that any potential for his counsel's conflict "was fully explained to [Saint Surin] who understood the potential conflict, and affirmatively waived it."  The Court noted that Saint Surin's conflict of interest allegations had already been "the subject of a lengthy hearing" conducted before the District Court when Saint Surin had moved to withdraw his guilty plea on this basis, and concluded that Saint Surin had not met his burden of showing that he was entitled to another evidentiary hearing.  And contrary to Saint Surin's protestations, the Court did explicitly address the forgery claim, finding that there was "no deficiency much less prejudice arising from sentencing or appellate counsel's failure to pursue this nonmeritorious issue" because Saint Surin's only piece of evidence allegedly supporting the allegation, a forensic examiner's report, "nowhere . . . suggest[s] that [Saint Surin's] signature on any one of the foregoing documents was a forgery."

Saint Surin's claim that the Court's analysis of this issue violated Rule 60(b) – while couched in easily disprovable allegations that the District Court did not

---

[3] These findings were expressed in a Report & Recommendation prepared by a Magistrate Judge, which was adopted in its entirety by the District Court.

[4] This refers to our decision in *United States v. Saint Surin*, 477 F. App'x 683 (11th Cir. 2012).

5

address the issue at all – in fact constitutes merely another effort to relitigate the merits of his claim. That effort is properly construed only as a petition under § 2255. *Gonzalez*, 545 U.S. at 532, 125 S. Ct. at 2648.

## II.

We hold that the District Court properly construed Saint Surin's Rule 60(b) motion as an impermissibly successive § 2255 motion because it challenged the Court's resolution of the merits of his original § 2255 claim. Because Saint Surin never sought or received authorization from this Court to bring a successive § 2255 motion, the District Court properly dismissed his motion for lack of jurisdiction. *See* 28 U.S.C. § 2255(h). Accordingly, we affirm.

**AFFIRMED.**