[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

————————————————

No. 23-10222

Non-Argument Calendar

————————————————

NICHOLAS WUKOSON,

Petitioner-Appellant,

*versus*

UNITED STATES OF AMERICA,

Respondent-Appellee.

————————————————

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 9:20-cv-81547-DMM

————————————————

Before JILL PRYOR, BRANCH, and ABUDU, Circuit Judges.

PER CURIAM:

Nicholas Wukoson, a *pro se* federal prisoner, appeals following the district court's: (i) dismissal, in part, of his Fed. R. Civ. P. 60(b) motion as an impermissible successive 28 U.S.C. § 2255 motion to vacate; (ii) its denial, in part, of that motion for failure to show a defect in the disposition of his earlier amended § 2255 motion; and (iii) its order denying his motion for recusal. He also moves this Court for a certificate of appealability ("COA"). After review, we deny Wukoson's motion for a COA, dismiss in part Wukoson's appeal against the district court's denial of his Rule 60(b) motion for lack of jurisdiction, and affirm in part the district court's denial of Wukoson's motion for recusal.

## I.    FACTUAL   BACKGROUND   &   PROCEDURAL HISTORY

In March 2019, Wukoson pled guilty to six counts of possession of child pornography involving a prepubescent minor, in violation of 18 U.S.C. §§ 2252(a)(4)(B)(2), (b)(2), and one count of witness tampering, in violation of 18 U.S.C. § 1512(c)(2). After the district court sentenced him, it entered a final judgment in his case in October 2019. He appealed, and we later affirmed. *United States v. Wukoson*, 798 F. App'x 551 (11th Cir. 2020) (unpublished).

In 2020, he filed a 28 U.S.C. § 2255 motion to vacate, in which he raised multiple ineffective-assistance-of-counsel claims. The district court denied the motion on the merits in September

2021. Wukoson appealed the denial, moving this Court for a COA, which we declined to issue.

In November 2022, over a year later, Wukoson, *pro se*, filed a motion for relief from the district court's September 2021 judgment under Fed. R. Civ. P. 60(b), arguing that the district court failed to address specific ineffective-assistance-of-counsel claims in his § 2255 motion, in violation of *Clisby v. Jones*, 960 F.2d 925, 936 (11th Cir. 1992).[1] He made clear that he was not attempting to raise new claims or challenge the district court's merits analysis on the claims that had been resolved, and that he was only challenging those claims he believed the district court failed to analyze.

On November 21, 2022, the district court denied Wukoson's Rule 60(b) motion on the merits, finding that it had already properly considered each of the claims Wukoson initially raised in his § 2255 motion. The court alternatively concluded that, to the extent Wukoson attempted to raise new claims or arguments, the Rule 60(b) motion qualified as an impermissible successive § 2255 motion. Therefore, it denied the motion on the merits and declined to issue a COA, while alternatively dismissing the motion

---

[1] In *Clisby*, we held that district courts must resolve all claims raised in a habeas petition, regardless of whether relief is granted or denied, and explained we will vacate the district court's order denying relief and remand for consideration of the unaddressed claims should the district court fails to do so. 960 F.2d at 938; *see also Rhode v. United States*, 583 F.3d 1289, 1291 (applying *Clisby* to § 2255 motions).

for lack of jurisdiction as an impermissible successive § 2255 motion.

Meanwhile, on November 9, 2023, Wukoson signed and dated a motion for recusal, asking the district court judge assigned to his case to recuse himself from considering his Rule 60(b) motion. He argued that the judge failed to promptly rule on a separate motion he filed in his original criminal case, which demonstrated the judge's inability to act impartially. The district court, however, did not docket this motion until November 22, 2023, the day after the district court denied Wukoson's Rule 60(b) motion. The district court ultimately denied Wukoson's recusal motion, finding that Wukoson's allegation did not support recusal, and acknowledged that the court had already ruled on the Rule 60(b) motion in any event.

Wukoson then filed a Fed. R. Civ. P. 59 motion, asking the district court to reconsider its order denying his motion for recusal. He also filed a Rule 60(b) motion for reconsideration of the district court's denial of his initial Rule 60(b) motion. The district court denied these motions and declined to issue a COA. Wukoson now appeals.[2]

---

[2] Before the district court, Wukoson filed a motion for a COA, which the court construed as a notice of appeal of the orders denying his Rule 60(b) motion, his motion for recusal, and his motions for reconsideration.

## II.    ANALYSIS

### A.  The District Court Erred in Finding Wukoson's Initial Rule 60(b) Motion Qualified as an Unauthorized Successive § 2255 Motion.

Generally, a COA is required to appeal the denial of a Rule 60(b) motion arising from a § 2255 proceeding. *Gonzalez v. Sec'y, Dep't of Corr.*, 366 F.3d 1253, 1263 (11th Cir. 2004). However, the dismissal of a successive habeas petition for lack of jurisdiction does not constitute a "final order in a habeas corpus proceeding," for purposes of 28 U.S.C. § 2253(c). *Hubbard v. Campbell*, 379 F.3d 1245, 1247 (11th Cir. 2004). Consequently, no COA is required to review the dismissal of a Rule 60(b) motion that was construed as a second or successive § 2255 motion. *Id.* In such instance, we review *de novo* whether a motion is second or successive. *Stewart v. United States*, 646 F.3d 856, 858 (11th Cir. 2011).

Rule 60(b) motions should be considered impermissible second or successive § 2255 motions if the movant is attempting to (1) raise a new ground for relief, or (2) attack a federal court's previous disposition of a claim on the merits. *Williams v. Chatman*, 510 F.3d 1290, 1293-94 (11th Cir. 2007). Conversely, a Rule 60(b) motion that merely attacks a defect in the integrity of the federal habeas proceeding, such as an allegation that the district court failed to reach the merits of a movant's claims, should not be deemed second or successive, and the district court may rule on such a motion. *Gonzaelz v. Crosby*, 545 U.S. 524, 532, 538 (2005); *see also Santa v. Untied States*, 492 F. App'x 949, 950-51 (11th Cir. 2012) (unpublished)

(relying on *Gonzalez* and holding that the movant's Rule 60(b) motion was not a second or successive § 2255 motion because the motion did not attack the district court's merits determination and instead only asserted that the district court failed to consider all the claims he raised in his § 2255 motion).

On appeal, Wukoson contends the district court erred in construing his initial Rule 60(b) motion as an unauthorized second or successive § 2255 motion. We agree.

Wukoson's initial Rule 60(b) motion focused on his belief that the district court committed a procedural error by failing to consider the merits of a few distinct ineffective-assistance-of-counsel claims. Thus, he was only attacking the integrity of his § 2255 proceeding. He made clear that he did not intend to raise any new claims or argue the underlying merits of the claims the district court already resolved in his § 2255 proceedings. As such, the district court erred in ruling that Wukoson's initial Rule 60(b) motion was second or successive. Nevertheless, because the district court performed an alternative merits analysis, and for the reasons outlined below, this error does not warrant reversal.

> B. *We Decline to Issue a COA to Review the Merits of the District Court's Denial of the Initial Rule 60(b) Motion, and We Lack Jurisdiction to Review the Merits.*

When appropriate, we will review a district court's denial of a Rule 60(b) motion for an abuse of discretion. *Rice v. Ford Motor Co.*, 88 F.3d 914, 918-19 (11th Cir. 1996). Rule 60(b) allows a party to seek relief or reopen his case in the following limited

circumstances: (1) mistake or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) the judgment is void; (5) the judgment has been discharged; and/or (6) "any other reason that justifies relief." Fed. R. Civ. P. 60(b). The appeal of a Rule 60(b) motion is limited to a determination of whether the district court abused its discretion in denying the motion, and it shall not extend to the validity of the underlying judgment. *Rice*, 88 F.3d at 918-19. The appellant's burden on appeal from the denial of a Rule 60(b) motion is heavy because the appellant must demonstrate a justification so compelling that it requires the district court to vacate its order. *Cano v. Baker*, 435 F.3d 1337, 1342 (11th Cir. 2006).

To obtain a COA, the movant must establish that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong" or that the issues "deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks omitted). Importantly, this Court lacks jurisdiction to rule on the merits of an appeal from a habeas petitioner when a COA has not been issued. *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003).

Because Wukoson's Rule 60(b) motion related to his initial § 2255 proceeding, he was required to obtain a COA from the district court or this Court. *Gonzalez*, 366 F.3d 1263. The district court declined to issue a COA on the matter. In reviewing Wukoson's notice of appeal, he has asked this Court to issue a COA in order to appeal the district court's denial of his initial Rule 60(b) motion, arguing that the district court abused its discretion because the

district court committed *Clisby* errors when analyzing his § 2255 motion.

We decline to issue a COA on this issue because reasonable jurists would not debate the district court's denial of Wukoson's Rule 60(b) motion. *Slack*, 529 U.S. at 484. Wukoson did not identify any mistake, newly discovered evidence, fraud, or other valid circumstance that would authorize relief. Fed. R. Civ. P. 60(b). Moreover, Wukoson merely re-raised arguments that the district court already had considered when it denied his amended § 2255 motion, and no *Clisby* error occurred. Finally, we denied Wukoson a COA in 2022 when he appealed from the denial of his amended § 2255 motion, and the reasons supporting that ruling remain unchanged. Accordingly, we deny Wukoson's request for a COA to appeal the district court's denial of his initial Rule 60(b) motion. As such, we lack jurisdiction to consider the merits of the district court's denial of that motion and dismiss, in part, Wukoson's appeal. *Miller-El*, 537 U.S. at 336.

### C. The District Court Did Not Abuse its Discretion in Denying Wukoson's Recusal Motion.

We will review for an abuse of discretion a district court's denial of a recusal motion. *Loranger v. Stierheim*, 10 F.3d 776, 779 (11th Cir. 1994). A district court lacks jurisdiction to consider a motion to recuse if it is filed when no case is pending before the district court. *United States v. Elso*, 571 F.3d 1163, 1166 (11th Cir. 2009).

Generally, under the "prison mailbox rule," we consider a *pro se* prisoner to have filed a court document on the date the document is delivered to prison officials for mailing "on the date it is delivered to prison authorities for mailing." *See Jeffries v. United States*, 748 F.3d 1310, 1314 (11th Cir. 2014) (internal quotation marks omitted). "Absent evidence to the contrary, we assume that a prisoner delivered a filing to prison authorities on the date that he signed it." *Id.*

A judge should disqualify himself from any proceeding in which his impartiality might reasonably be questioned "or if he has a personal bias against a party." *Giles v. Garwood*, 853 F.2d 876, 878 (11th Cir. 1988); *see also* 28 U.S.C. § 455(a), (b)(1). When reviewing for impropriety, the allegations must be reviewed to determine whether an objective, disinterested layperson, who is fully informed of all the facts underlying the allegations, "would entertain a significant doubt about the judge's impartiality." *United States v. Patti,* 337 F.3d 1371, 1321 (11th Cir. 2003) (internal quotation marks omitted). When reviewing for bias, "[t]he bias must arise from an extrajudicial source, except in the rare case where pervasive bias and prejudice [are] shown by otherwise judicial conduct." *Giles*, 853 F.2d at 878 (internal quotation marks omitted). A judge is not required to "recuse himself based on unsupported, irrational, or tenuous allegations." *Id.*

On appeal, Wukoson contends the district court abused its discretion when it denied his motion for recusal. In response, the government argues that the district court lacked jurisdiction to

consider Wukoson's recusal motion and, alternatively, that the district court did not abuse its discretion in denying the motion.

As an initial matter, the district court had jurisdiction to consider Wukoson's motion for recusal.  Under the prison mailbox rule, the motion was deemed filed on November 9, 2022, when Wukoson signed it, which was well before the court's November 21 order denying his Rule 60(b) motion.  *See Jeffries*, 748 F.3d at 1314. Thus, matters were pending at the time Wukoson filed the motion.

However, the district court did not abuse its discretion when it denied the recusal motion.  Wukoson based his motion on the judge's alleged delay in ruling on a separate motion in his criminal case.  Even if a delay had occurred in those proceedings, to the extent it would have occurred within the context of judicial proceedings, it cannot serve as the basis for why the judge should have recused himself in the instant case absent evidence of pervasive bias and prejudice which Wukoson failed to show.  *Giles*, 853 F.2d at 878.  None of Wukoson's allegations would cause an objective, disinterested lay observer to question the district court judge's impartiality in the instant case.  *Patti,* 337 F.3d at 1321.

## III.    CONCLUSION

For the reasons set forth above, we **DENY** Wukoson's motion for a COA, **DISMISS IN PART** Wukoson's appeal against the district court's denial of his Rule 60(b) motion for lack of jurisdiction, and **AFFIRM IN PART** the district court's denial of Wukoson's motion for recusal.