[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-11671
Non-Argument Calendar
_____

D.C. Docket No. 3:07-cr-00136-LC-EMT-1


UNITED STATES OF AMERICA,

                                                    Plaintiff-Appellee,

versus

ANTONIO U. AKEL,
a.k.a. Tony Akel,

                                                    Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida
_____

(May 7, 2015)

Before ED CARNES, Chief Judge, TJOFLAT and WILSON, Circuit Judges.

PER CURIAM:

A jury found Antonio Akel guilty of three crimes (conspiracy to distribute and to possess with intent to distribute various drugs, possession with intent to distribute various drugs, and possession of a firearm by a convicted felon) and not guilty of three others (two distribution charges and possession of a firearm in furtherance of a drug trafficking crime).  After his convictions were upheld on appeal, Akel sought habeas relief under 28 U.S.C. § 2255.  His § 2255 motion was assigned to the same judge who had presided over his criminal trial.  See 28 U.S.C. § 2255(a).  Akel filed a pro se motion for recusal, contending that the judge lacked impartiality and harbored a personal bias against him.  The judge denied the motion.  Akel later filed a motion for reconsideration, which the judge denied after holding a two-day hearing on the matter.  This is Akel's pro se appeal of the district court's denial of his motions for recusal and for reconsideration.

I.

As a preliminary matter, the government contends that Akel's appeal is untimely under Federal Rule of Appellate Procedure 4(b)(1)(A), which governs appeals in criminal cases.  We review de novo whether an appeal should be dismissed as untimely.  See United States v. Glover, 686 F.3d 1203, 1205 (11th Cir. 2012).

Akel's motions for recusal and for reconsideration relate to his § 2255 motion.  Motions filed under § 2255 for most purposes are considered civil in

2

nature.  See Brown v. United States, 748 F.3d 1045, 1065 (11th Cir. 2014).  Thus, Federal Rule of Appellate Procedure 4(a)(1)(B), which governs appeals in civil cases, applies.  See Butcher v. United States, 368 F.3d 1290, 1293 n.1 (11th Cir. 2004).  Under that rule, Akel had 60 days to file a notice of appeal from the district court's order denying his motion for reconsideration.  See Fed. R. App. P. 4(a)(1)(B)(i) (providing that "[t]he notice of appeal may be filed by any party within 60 days after entry of the judgment or order appealed from if one of the parties is . . . the United States").  The district court denied Akel's motion for reconsideration on February 21, 2014, and Akel filed a notice of appeal 49 days later, on April 11, 2014.[1]  His appeal is timely.

## II.

We review for abuse of discretion the district court's rulings on Akel's motions for recusal and for reconsideration.  See Giles v. Garwood, 853 F.2d 876, 878 (11th Cir. 1998) (motion for recusal); Wilchombe v. TeeVee Toons, Inc., 555 F.3d 949, 957 (11th Cir. 2009) (motion for reconsideration).  We will address each in turn.

---

[1] Under the "prison mailbox rule," a pro se prisoner's court filing is deemed filed on the date it is delivered to prison authorities for mailing.  See Houston v. Lack, 487 U.S. 266, 276, 108 S. Ct. 2379, 2385 (1988); see also Fed. R. App. P. 4(c)(1) ("If an inmate confined in an institution files a notice of appeal in either a civil or a criminal case, the notice is timely if it is deposited in the institution's internal mail system on or before the last day for filing.").

A.

Akel filed his motion for recusal under 28 U.S.C. § 455, arguing that two provisions of § 455 supported his position.  The first was § 455(a), which requires a federal judge to "disqualify himself in any proceeding in which his impartiality might reasonably be questioned."  Akel argued that the judge could not rule impartially on his § 2255 motion because he had given "improper and repeated Allen charges" to the jury at Akel's trial and had sentenced Akel as an Armed Career Criminal "despite knowing he couldn't per the jury verdict."  See generally Allen v. United States, 164 U.S. 492, 501–02, 17 S. Ct. 154, 157 (1896) (holding that a trial court may instruct a deadlocked jury to keep deliberating); 18 U.S.C. § 924(e).  The second provision that Akel relied on was § 455(b)(1), which requires a federal judge to "disqualify himself . . . [w]here he has a personal bias or prejudice concerning a party."  According to Akel, the judge's personal bias against him was clear from several improper statements that the judge had allegedly made to the jury outside of Akel's presence, including "berat[ing] the jury for finding Akel not guilty on three (3) of the six (6) counts" and calling Akel "a son of a bitch."  Akel attached an affidavit in which he declared that his trial attorney had told him that an anonymous juror had told him that the judge had made those statements.

4

The district judge did not abuse his discretion in denying Akel's motion for recusal. Akel's argument that the judge should have recused because of a lack of impartiality stems from the judge's rulings at Akel's trial and sentence hearing. Just because those rulings were not in Akel's favor does not mean that they establish any bias or prejudice. See Liteky v. United States, 510 U.S. 540, 551, 555, 114 S. Ct. 1147, 1155, 1157 (1994); Hamm v. Members of Bd. of Regents, 708 F.2d 647, 651 (11th Cir. 1983). "[B]ias or prejudice must be personal and extrajudicial; it must derive from something other than that which the judge learned by participating in the case." United States v. Amedeo, 487 F.3d 823, 828 (11th Cir. 2007) (quotation marks omitted). And Akel's allegations of personal bias or prejudice depend on double hearsay — that is, Akel's report about what his trial attorney said about what an anonymous juror said. "A judge should not recuse himself based upon unsupported, irrational, or tenuous allegations," and Akel's allegations were exactly that. Giles, 853 F.2d at 878. The district judge was not required to recuse himself.

## B.

After the district judge denied his motion for recusal, Akel filed a motion for reconsideration. He made two arguments. First, he argued that the district judge should have considered his motion for recusal under 28 U.S.C. § 144, another federal statute that governs recusal, as well as 28 U.S.C. § 455, the statute he had

5

cited in his original motion.  Second, Akel argued that the district judge had denied his motion for recusal without considering an important piece of evidence that supported his claims about the judge's alleged misbehavior:  a letter that Akel's trial attorney had written to Akel's father.  Akel had included that letter in his reply to the government's response in opposition to his motion, but the district court had returned the reply as deficient because local rules do not allow parties to file a reply without first obtaining the court's permission.  The district judge considered Akel's arguments, held a two-day evidentiary hearing on the motion for reconsideration, and denied it.

The district judge did not abuse his discretion in denying Akel's motion for reconsideration.  A litigant cannot use a motion for reconsideration to raise "new arguments that were previously available, but not pressed" or to "present evidence that could have been raised prior to the entry of judgment."  Wilchombe, 555 F.3d at 957 (quotation marks omitted).  Akel used his motion for reconsideration to do exactly those things.  He raised an argument he could have raised in his original motion and presented evidence he could have presented before the court denied his motion.  Although the district judge could have denied Akel's motion for reconsideration on those grounds alone, the judge instead held a two-day evidentiary hearing before reaching his decision.  There was no abuse of discretion.

**AFFIRMED.**[2]

---

[2] Akel's motion for leave to file a corrected brief is GRANTED.