[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

————————————————

No. 17-14707
Non-Argument Calendar

————————————————

D.C. Docket No. 3:07-cr-00136-LC-EMT-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ANTONIO U. AKEL,

Defendant-Appellant.

————————————————

Appeals from the United States District Court
for the Northern District of Florida

————————————————

(September 11, 2019)

Before WILSON, EDMONDSON, and HULL, Circuit Judges.

PER CURIAM:

Antonio Akel, a federal prisoner proceeding pro se,[1] appeals the district court's resentencing order and the district court's denial of several motions related to Akel's resentencing and post-conviction proceedings. No reversible error has been shown; we affirm.[2]

In 2008, Akel was convicted by a jury of conspiracy to distribute drugs in violation of 21 U.S.C. §§ 841(a)(1), 846 (Count 1); possession of a controlled substance with intent to distribute in violation of 21 U.S.C. § 841(b)(1)(D) (Count 2); and being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2), (e) (Count 7). The district court sentenced Akel to a term of 480 months' imprisonment on each count, to run concurrently. Akel's convictions and total sentence were affirmed on direct appeal. See United States v. Akel, 337 F. App'x 843 (11th Cir. 2009) (unpublished).

In 2011, Akel filed a 28 U.S.C. § 2255 motion to vacate. The district court denied the motion, and we denied Akel's motion for a certificate of appealability ("COA"). In July 2017 -- on remand from the Supreme Court -- we vacated the

---

[1] We construe liberally pro se pleadings. Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998).

[2] Akel's motion to certify questions to the United States Supreme Court is DENIED.

2

district court's denial of Akel's section 2255 motion and remanded "for the district court to reconsider the sentence on Count 7 in light of Mathis [v. United States, 136 S. Ct. 2243 (2016)]."

On remand, the district court determined that Akel no longer qualified as an armed career offender after Mathis. The district court thus resentenced Akel (without the career offender enhancement) to 120 months' imprisonment on Count 7.

The district court also recognized and corrected a jurisdictional error in Akel's sentence on Count 2. The district court explained that the presentence investigation report ("PSI") stated incorrectly that Akel had been convicted "as charged" in Count 2 of the superseding indictment of possession with intent to distribute both cocaine and marijuana, in violation of 21 U.S.C. §§ 841(b)(1)(B)(ii) and 841(b)(1)(D). The jury found, however, that the offense charged in Count 2 involved only marijuana and no cocaine. Akel's sentence on Count 2 was thus subject to a statutory maximum sentence of 60 months.

The district court entered an amended judgment sentencing Akel to 480 months' imprisonment on Count 1, 60 months' imprisonment on Count 2, and 120 months' imprisonment on Count 7, to be served concurrently. The district court denied the remainder of Akel's section 2255 motion.

3

I.  Resentencing Issues

On appeal, Akel contends that the district court erred in failing to vacate his total sentence and to resentence him on all counts.  Akel also appeals the district court's denial of Akel's pro se motions (1) "to amend in light of the 'new facts' unveiled by the district court" in the resentencing order and (2) to void the resentencing order as premature.

We first reject Akel's argument that the district court should have resentenced Akel on all counts of conviction.  We remanded this case to the district court solely for the district court to consider Akel's sentence on Count 7 in the light of Mathis.  When -- as in this case -- "the appellate court issues a limited mandate . . . the trial court is restricted in the range of issues it may consider on remand."  See United States v. Davis, 329 F.3d 1250, 1252 (11th Cir. 2003).  On remand, however, the district court also recognized that Akel had identified a jurisdictional error in his sentence on Count 2.  Because lack of jurisdiction may be raised at any time, the district court had authority to correct Akel's sentence on Count 2 -- even though that issue fell outside the scope of our limited remand.  See United States v. Giraldo-Prado, 150 F.3d 1328, 1329 (11th Cir. 1998).  But given

4

the procedural posture of this case, the district court committed no error in declining to also reconsider Akel's sentence on Count 1.

Nor did the district court err in denying Akel's motion to amend the resentencing order in the light of "new facts," in which Akel sought resentencing on all counts. In his motion, Akel argued that the error contained in the PSI also affected the base offense level underlying Akel's sentence on Count 1. In calculating the drug quantity for which Akel was accountable, the PSI included -- mistakenly -- the quantity of cocaine charged in Count 2 despite the jury's finding that no cocaine was involved in the offense. As a result, the PSI concluded that Akel was accountable for a total converted drug weight of 1,594.85 kilograms of marijuana: without the cocaine alleged in Count 2, the total converted drug weight would have been 1,396.19 kilograms. Because Akel would have been assigned a base offense level of 32 using either drug quantity, the error in the PSI had no impact on Akel's guidelines sentence for Count 1. See U.S.S.G. § 2D1.1(c)(4) (assigning a base offense level of 32 to drug offenses involving at least 1000 kilograms but less than 3000 kilograms of marijuana).

The district court also denied correctly Akel's motion to void the resentencing order as premature. On remand and before resentencing, the district

5

court ordered the parties to "brief the applicability of <u>Mathis</u> to Defendant's sentence on Count Seven." The district court's order contained this language:

> Accordingly, it is **ORDERED**:
>
> 1    Within **TWENTY-ONE (21) DAYS** from the date of this order, the Government shall file a supplemental brief addressing the applicability of <u>Mathis</u> to Defendant's sentence on Count Seven, as set forth herein.
>
> 2    Defendant may file a reply within **TWENTY-ONE (21) DAYS** from the date of the Government's response.

The government filed its supplemental brief in accordance with the district court's order. Akel filed his supplemental brief on the same day that the government filed its brief. Having heard from both sides (briefing from both parties), the district court committed no error then in proceeding to rule on the <u>Mathis</u> issue and to enter its resentencing order. Akel was not required to use all the time he was allowed to file a brief. And nothing in the district court's order suggested Akel could or permitted Akel to file more than one brief. That Akel might have misunderstood the district court's express order about supplemental briefing did not render the district court's judgment premature, once the court had heard from both sides. The sentencing order's timing did not actually clash with the earlier briefing order's terms. We see no reversible error.

6

Akel later -- after the sentencing order had issued -- submitted a second brief in "reply" to the government's supplemental <u>Mathis</u> brief.  Akel's second brief presented no new arguments: each of the arguments had either been raised in Akel's first brief or already been addressed by the district court's resentencing order.  Thus, any error that might have occurred in the timing of the supplemental briefing and the district court's resentencing order would have been harmless.

## II. Recusal Issues

Akel also appeals the district court's orders (1) denying Akel's <u>pro se</u> motion to recuse the district court judge and (2) denying Akel's motion for reconsideration of that order.

We review for abuse of discretion the district court's rulings on a defendant's motions for recusal and for reconsideration.  <u>See United States v. Bailey</u>, 175 F.3d 966, 968 (11th Cir. 1999) (motion for recusal); <u>Wilchombe v. TeeVee Toons, Inc.</u>, 555 F.3d 949, 957 (11th Cir. 2009) (motion for reconsideration).  We will affirm a judge's refusal to recuse unless "the impropriety is clear and one which would be recognized by all objective, reasonable persons."  <u>Bailey</u>, 175 F.3d at 968.

7

A district court judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned" or "[w]here he has a personal bias or prejudice concerning a party." 28 U.S.C. § 455(a), (b)(1). "Bias sufficient to disqualify a judge under section 455(a) and section 455(b)(1) must stem from extrajudicial sources, unless the judge's acts demonstrate such pervasive bias and prejudice that it unfairly prejudices one of the parties." Bailey, 175 F.3d at 968 (quotations omitted). Rulings adverse to a party generally do not constitute pervasive bias. Liteky v. United States, 510 U.S. 540, 555 (1994).

Akel first contends that the district court judge should have recused himself because the judge purportedly berated members of the jury for finding Akel not guilty on some charges. Akel first raised this argument in his October 2013 motion to recuse. We rejected the argument on appeal, concluding that Akel's unsupported allegations -- based on double hearsay -- were insufficient to mandate recusal. See United States v. Akel, 610 F. App'x 875 (11th Cir. 2015) (unpublished). Akel offers no new admissible evidence to support his claim. This argument is thus barred by the law-of-the-case doctrine. See Schiavo ex rel. Schindler v. Schiavo, 403 F.3d 1289, 1291 (11th Cir. 2005) ("Under the law of the case doctrine, the resolution of an issue decided at one stage of a case is binding at later stages of the same case.").

8

Akel also contends that recusal was warranted based on (1) Akel's criticism of the district court judge; (2) Akel's requests that the Department of Justice investigate the district court; and (3) the district court judge's issuance of several rulings adverse to Akel.  We disagree.

We are extremely slow to allow recusal to be triggered by what the party seeking recusal has said or done.  That approach -- looking much at the movant's own acts -- gives the moving party too much potential control over recusal.  Besides, we expect federal judges to have thick skins, anyway.  Cf. Ungar v. Sarafite, 376 U.S. 575, 584 (1964) (concluding no recusal was warranted based on a party's "contemptuous remarks" and personal criticism of the presiding judge: "[w]e cannot assume that judges are so irascible and sensitive that they cannot fairly and impartially deal with resistance to their authority or with highly charged arguments about the soundness of their decision.").

Akel has failed to demonstrate either bias stemming from extrajudicial sources or that the district court judge's orders showed such pervasive bias that he was unfairly prejudiced.  See Liteky, 510 U.S. at 555.  Nor has Akel demonstrated a clear impropriety that "would be recognized by all objective, reasonable persons."  See Bailey, 175 F.3d at 968.  We affirm the district court's denial of

9

Akel's motion to recuse and the denial of Akel's motion seeking reconsideration of that order.

III.  Remaining Issues

Akel contends that the district court erred in denying his motion to amend -- pursuant to Fed. R. Civ. P. 15(a) and (c) -- his January 2011 section 2255 motion.[3] In his motion to amend, Akel sought to allege additional facts and argument in support of his ineffective-assistance-of-counsel claims.

"We review a district court's denial of a request for leave to amend a § 2255 motion for abuse of discretion." Farris v. United States, 333 F.3d 1211, 1214 (11th Cir. 2003).

The district court committed no abuse of discretion in denying Akel's motion to amend: the motion was filed after the district court entered judgment denying Akel's section 2255 motion. Rule 15 does not allow for post-judgment amendment of pleadings in this case. See Fed. R. Civ. P. 15; Jacobs v. Tempur-Pedic Int'l, Inc., 626 F.3d 1327, 1344-45 (11th Cir. 2010) ("Rule 15(a), by its plain

---

[3] To the extent Akel seeks to challenge the denial of claims raised in his section 2255, those claims are outside the scope of this appeal.  Neither this Court nor the district court has granted Akel a COA on these issues.

10

language, governs amendment of pleadings before judgment is entered; it has no application after judgment is entered.").  Because there was no pending section 2255 motion in the district court, Akel's "motion to amend" could correctly be construed instead as an unauthorized second or successive section 2255 motion. See Hubbard v. Campbell, 379 F.3d 1245, 1246-47 (11th Cir. 2004) (concluding that the district court lacked subject-matter jurisdiction to consider petitioner's motion to amend his 28 U.S.C. § 2254 petition -- filed after final judgment had been entered against him on the original petition -- explaining that the motion was really a successive habeas application).

We also reject Akel's argument that the district court failed to comply with Danley v. Allen, 480 F.3d 1090, 1091 (11th Cir. 2007).  The district court's explanations in the pertinent orders were sufficient to allow for meaningful appellate review.

AFFIRMED.

11