**Oliver Carlson GILES,
Plaintiff–Appellant,**

v.

**Thomas GARWOOD, Charles Weston, Assistant District Attorney and C. Cloud Morgan, Judge, Defendants–Appellees.**

**No. 88–8125
Non–Argument Calendar.**

United States Court of Appeals,
Eleventh Circuit.

Aug. 30, 1988.

Rehearing Denied Oct. 5, 1988.

---

Oliver Carlson Giles, Hardwick, Ga., pro se.

William F. Amideo, Atlanta, Ga., for defendants-appellees.

Before TJOFLAT, HILL and JOHNSON, Circuit Judges.

PER CURIAM:

The appellant, Oliver Giles, filed this action under 42 U.S.C. § 1983 alleging that his constitutional rights were violated in his 1975 Georgia conviction on charges of rape, armed robbery, and assault. During the proceedings in the district court, Giles also filed a motion to disqualify District Court Judge Duross Fitzpatrick on the grounds that the judge had a personal bias against Giles, had delayed rendering a decision, discriminated against indigent *pro se* inmates, and always ruled in favor of the state. The magistrate recommended that the action be dismissed as barred by the statute of limitations. The court adopted and supplemented the magistrate's recommendation and ruled that he had no personal bias against Giles and was aware of no other conflict of interest. Giles appeals the dismissal of his claim, and we affirm.

■ As the district court found, this section 1983 suit is governed by Georgia's two year statute of limitations applicable to personal injury claims. *See* O.C.G.A. § 9–3–33; *Williams v. City of Atlanta*, 794 F.2d 624, 626 (11th Cir.1986). Given that Giles did not file this action challenging his 1975 conviction until 1987, his suit is barred by the statute of limitations. Giles argues, however, that the running of the statute is tolled for prisoners under Georgia law for the duration of their imprisonment. Georgia law does toll the running of the statute for certain disabled

individuals. O.C.G.A. § 9–3–90. Prior to July 1, 1984, the statute included "persons imprisoned" in the definition of those who were disabled. In 1984, however, the statute was amended to exclude prisoners from the list of persons benefitting from the tolling provision. Thus, prisoners are now subject to the generally applicable two-year limitations period in their section 1983 suits. The amendment provided a one year grace period from July 1, 1984 to July 1, 1985 during which prisoners could bring actions that would otherwise be barred under the amended law. However, that grace period does not affect this suit, which was filed almost two years after the conclusion of the grace period. Therefore, Giles is not protected by the tolling provision, and his suit is barred by the statute of limitations.

■ On appeal Giles also challenges the district court's denial of his motion for disqualification. This court is limited to a determination of whether the district court abused its discretion in denying the disqualification motion. *See Davis v. Board of School Commissioners,* 517 F.2d 1044, 1052 (5th Cir.1975), *cert. denied,* 425 U.S. 944, 96 S.Ct. 1685, 48 L.Ed.2d 188 (1976). A judge should disqualify himself only if a reasonable person would question his impartiality, or if he has a personal bias against a party. The bias must arise from an extrajudicial source, except in the rare case "where such pervasive bias and prejudice is shown by otherwise judicial conduct as would constitute bias against a party." *Id.* at 1051. A judge should not recuse himself based upon unsupported, irrational, or tenuous allegations. *United States v. Greenough,* 782 F.2d 1556, 1558–59 (11th Cir.1986).

■ Giles' conclusory allegations that Judge Fitzpatrick was biased in his judicial rulings against prisoner litigants concerned judicial action and were unsupported. Moreover, Judge Fitzpatrick found that he had no personal bias against or interest in Giles' action. Accordingly, the court did not abuse its discretion in denying the motion for disqualification.

The judgment of the district court is AFFIRMED.