In re Anna M. MATZ, Debtor.

**CHEVY CHASE FEDERAL SAVINGS BANK, Plaintiff/Appellant,**

v.

**Anna M. MATZ, Defendant/Appellee.**

No. 1:91–CV–822.
Bankruptcy No. NG 90–84532.
Adv. No. 91–8017.

United States District Court,
W.D. Michigan, S.D.

Dec. 13, 1991.

William R. Farran, Muller, Muller, Richmond, Harms, Myers & Sgroi, Grand Rapids, Mich., for Chevy Chase Federal Sav. Bank.

Steven J. Carpenter, Carpenter & Vanmeter, PC, Grand Rapids, Mich., for Anna M. Matz.

OPINION

BENJAMIN F. GIBSON, Chief Judge.

Appellant Chevy Chase F.S.B. appeals from the August 16, 1991, Order of the United States Bankruptcy Court for the Western District of Michigan finding appellee Anna M. Matz's credit card debt dischargeable in bankruptcy. Two issues are raised on appeal:

1. Whether plaintiff showed at trial that the debtor's debt to the plaintiff was non-dischargeable pursuant to Section 523 of the Bankruptcy Code;

2. Whether the trial court was predisposed, because of prejudice, to rule in the appellee's favor.

I.

In September of 1989, the appellee received solicitation materials from Chevy Chase bank inviting her to apply for a Visa Gold Card or a Gold MasterCard. The letter stated that she was "chosen to receive this unique offer" because she was "an individual with proven financial success." The solicitation materials went on to describe the benefits of owning a Chevy Chase credit card and invited her to accept their invitation by completing "the enclosed authorization form."

The authorization form received by appellee required her to check a box to indicate the type of charge card she would like. Under the subheading "Please tell us about yourself," the form then asked for her employer's name and address and the type of work she did. It asked her the number of dependents she had, her birth date, and her salary.[1] Appellee completed this form and returned it to Chevy Chase. She listed her annual salary as $40,000.00. At trial, however, she testified that in 1988 she had earned only $14,777.00 and that in 1989 she earned only $12,458.39. She also testified that she received $5,200.00 each year in child support. Appellee testified that she intended to open a gift shop and that in filling out the form she had included as income the anticipated earnings from the operation of the shop. (Transcript at 12).

Appellee received a cash advance of $3,000.00 on October 27, 1989, and another advance of $2,200.00 on November 6, 1989. The only payment made against this credit card was a payment of $30.00. Appellee's business venture was not successful. At the same time, she was put on leave from the job she had had at GEM Industries. Because of these two factors, she was unable to pay her debts and was forced to file bankruptcy proceedings. On January 16, 1991, appellant filed an adversary proceeding in the bankruptcy court asking that appellee's debt be declared nondischargeable. The case was before the Honorable David E. Nims, Jr., U.S. Bankruptcy Judge. Before the hearing on the adversary proceeding was held, appellant moved to disqualify Judge Nims and to stay the proceeding pending appeal. This motion was held before the Honorable Jo Ann C. Stevenson, U.S. Bankruptcy Judge, on July 29, 1991. Judge Stevenson denied appellant's motion, finding that Judge Nims was in no way prejudiced against appellant.

A hearing on the adversary proceeding was held on August 1, 1991. The Court found that appellee did not intend to commit fraud or make any misrepresentations. The Court determined that the Chevy Chase form did not indicate that it was a financial statement and that there were no instructions indicating the importance of the form or of the salary figure. The Court noted that appellee had a good credit rating and that she waited to file for bankruptcy because she wanted to find a way to pay off her creditors. Thus, the Court held her debt to be dischargeable.

II.

The bankruptcy court's decision involved the application of Section 523 of the Bankruptcy Code which states as follows:

(a) A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt—....

[1] The form asks that the identical information be provided by the co-applicant, if there is one.

(2) for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by—

(A) false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition;

(B) use of a statement in writing—

(i) that is materially false;

(ii) respecting the debtor's or an insider's financial condition;

(iii) on which the creditor to whom the debtor is liable for such money, property, services, or credit reasonably relied; and

(iv) that the debtor caused to be made or published with intent to deceive.

11 U.S.C. § 523.

In order to except a debt from discharge under Section 523(a)(2)(A),

[T]he creditor must prove that the debtor obtained money through a material misrepresentation that at the time the debtor knew was false or made with gross recklessness as to its truth. The creditor must also prove the debtor's intent to deceive. Moreover, the creditor must prove that it reasonably relied on the false representations and that its reliance was the proximate cause of loss.

*In re Ward*, 857 F.2d 1082, 1083 (6th Cir. 1988) (quoting *In re Phillips*, 804 F.2d 930, 932 (6th Cir.1986)).

A creditor seeking an exception to discharge must sustain this burden by a preponderance of the evidence. *Grogan v. Garner*, — U.S. —, 111 S.Ct. 654, 661, 112 L.Ed.2d 755 (1991). Exceptions to discharge must be strictly construed. *Ward*, 857 F.2d at 1083. This Court cannot overturn the findings of fact made by the trial court unless those findings are "clearly erroneous." 11 U.S.C. Bankr. Rule 8013. Furthermore, the Bankruptcy Rules require that this Court give due regard to the opportunity of the bankruptcy court to judge the credibility of witnesses. *Id.* The bankruptcy court's conclusions of law are subject to *de novo* review. *In re Caldwell*, 851 F.2d 852 (6th Cir.1988).

## III.

Appellant argues that, by stating that her income was $40,000.00, appellee either intentionally made a false statement or made a statement with recklessness as to its truth. Such action, appellant argues, prevents appellee's debt from being dischargeable in bankruptcy under Section 523(a)(2)(B) of the Bankruptcy Code. Appellant further argues that appellee obtained cash advances knowing that she could not repay them and that she had no intention of repaying them when the charges were made, making her debt nondischargeable under Section 523(a)(2)(A).

Appellee counters that she made the statement in good faith because the figure she gave included expected income from a new business she anticipated opening. Appellee further argues that she did not believe the form to be an application as she thought that the card had been pre-approved. Furthermore, as the form was not detailed, she had no way of breaking down the income figure to show how much of her income was actual salary, how much was child support, and how much was anticipated earnings. Thus, appellee argues that she truthfully responded to the questions on the form but that the form was not detailed enough to give an accurate picture of her financial situation. Appellee further argues that at the time she obtained the cash advances she intended to repay them from her monthly income and from the proceeds of her business.

As described above, *Ward* requires that for a debt to be nondischargeable under Section 523(a)(2)(A), a debtor must make a material representation that she either knew was false at the time or that she made with gross recklessness as to its truth or falsity. Similarly, Section 523(a)(2)(B)(iv) states that for a debt to be nondischargeable the written statement made by the debtor must contain a material misrepresentation that was made with the intent to deceive. The questions of appellee's knowledge and intent are questions of fact and not of law. After reviewing the transcript, this Court cannot say that the

bankruptcy court's factual conclusions were clearly erroneous.

The bankruptcy court, which had an opportunity to observe the witnesses and judge their credibility, found that appellee did not intentionally misrepresent her income. (Transcript at 151). Appellee claimed that she did not realize that the form she filled out was a financial statement. Loan forms she was accustomed to seeing were long and contained detailed questions about her financial background. The form sent to appellee by Chevy Chase was not even labeled a financial statement and it merely asked for appellee's salary without any instructions as to what the figure could or could not encompass. The Court found that considering the ambiguity of the form, appellee's inclusion of the anticipated proceeds from the gift shop she intended to open did not evidence an intent to commit fraud.

Similarly, the bankruptcy court found that when appellee obtained cash advances she intended to pay them back. (Transcript at 149). The transcript shows that appellee stated that she intended to repay her debt with her monthly income. (Transcript at 24). Furthermore, appellee was in the process of starting her own business which did, in fact, open in November of 1989. The bankruptcy court's finding that appellee anticipated that the store would make a profit from which she could pay her debts (Transcript at 150) was not clearly erroneous.

Appellant argues that appellee's behavior even if not amounting to intentional misrepresentation at least shows gross recklessness. However, the bankruptcy court's holding is that appellee was trying to truthfully respond to questions posed by an ambiguous form and that appellee incurred her debts with the good faith intent of paying them back. Under the facts, as found by the bankruptcy court, the appellee was not grossly reckless.[2]

## IV.

Bankruptcy Rule 5004 and Title 28 United States Code Section 455(a) provide that "any justice, judge or magistrate of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." In order to prevail on a motion to disqualify a judge, the party making the motion must establish extrajudicial bias or prejudice. *United States v. Grinnell Corp.*, 384 U.S. 563, 583, 86 S.Ct. 1698, 1710, 16 L.Ed.2d 778 (1966). "The bias must be personal, not judicial. It must arise 'out of the judge's background and association' and not from the 'judge's view of the law.'" *First Nat. Monetary Corp. v. Weinberger*, 819 F.2d 1334, 1337 (6th Cir. 1987) (citations omitted). The motion is committed to the sound discretion of the trial judge and his decision is only reviewable under an abuse of discretion standard. *Perkins v. Spivey*, 911 F.2d 22, 33 (8th Cir.1990); *Giles v. Garwood*, 853 F.2d 876, 878 (11th Cir.1988).

Appellant contends that Judge Nims should have been disqualified because of disparaging comments he made during the *DeGraves* hearing. *DeGraves* was appealed to this Court. In that case appellant Chevy Chase claimed, among other things, that Judge Nims was predisposed to rule against it. This Court denied that contention. See *In re DeGraves*, File No. 1:91-CV-729, slip op. 1991 WL 303452 (W.D.Mich. November 13, 1991). This Court held:

A judge's legal opinion cannot form the basis of a motion to disqualify. It is clear that in the present case Judge Nims' statements arose out of his prior judicial experience with appellant and his

---

2. Appellee's brief also raises the issue of appellant's nonreliance on the credit information provided. Appellee argues that there is no proof that appellant even attempted to verify the salary information provided and that such behavior was unreasonable on appellant's part as a matter of law. (Appellee's brief at 11). Appellee cites the language of *Ward* which found that where minimal investigation would have uncovered false representations the debt should be discharged if no such investigation was performed. *Ward*, 857 F.2d at 1084.

Because this Court upholds the Bankruptcy Court's conclusion that appellee did not make a false representation or a materially false statement as defined in Section 523(a)(2)(A) and (B)(iv) of the Bankruptcy Code, it need not reach the question of whether appellant reasonably relied upon appellee's representation of her salary.

considerable knowledge of the law. Judge Nims' opinion was a *legal* opinion. As discussed above, it was at least a reasonable opinion. There is absolutely no evidence of personal bias toward appellant.

*Id.* at 7–8.

This Court has already determined that statements made by Judge Nims during the *DeGraves* hearing did not show prejudice in that case. It certainly will not hold that these same comments indicate prejudice in this case. This Court also notes that Judge Nims took the unusual precaution of having another bankruptcy judge make the determination of whether he was biased against appellant before conducting the hearing. By so doing, Judge Nims showed that, far from being prejudiced, he was doing everything in his power to ensure that appellant was treated fairly.

## V.

For the reasons stated above, the appeal brought by appellant Chevy Chase Federal Savings Bank from the Bankruptcy Court's decision that appellee's debt was nondischargeable is denied.