[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 09-15385
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
OCTOBER 29, 2010
JOHN LEY
CLERK

D. C. Docket Nos. 09-60740-CV-WPD,
07-60049-CR-WPD

NELSON CINTRON,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(October 29, 2010)

Before TJOFLAT, EDMONDSON and MARTIN, Circuit Judges.

PER CURIAM:

This is an appeal of the denial of a motion to vacate filed pursuant to 28 U.S.C. § 2255 by Nelson Cintron. We construe the certificate of appealability that issued as follows:

> Whether Cintron was denied due process of law when the district judge denied his motion to recuse based on bias, prejudice, and/or lack of impartiality, and/or whether Cintron was denied his due process rights due to presumed judicial bias and prejudice during his guilty plea and sentence.

Before he denied Cintron's § 2255 motion, the district judge denied Cintron's motion that the judge recuse on the ground that a close relative of the judge had been the victim of a crime similar to the underlying offense that Cintron committed. Cintron argues that the judge could not be impartial in his case because of the similarity between his case and an incident involving the judge's close relative. He contends that he was denied his statutory rights under under 28 U.S.C. §§ 455(a) and 144.

We review for abuse of discretion a judge's denial of a motion to recuse. *United States v. Amedeo*, 487 F.3d 823, 828 (11th Cir. 2007). A district judge abuses his discretion when he "applies the wrong law, follows the wrong procedure, bases its decision on clearly erroneous facts, or commits a clear error in judgment." *Tran v. Toyota Motor Corp.*, 420 F.3d 1310, 1315 (11th Cir. 2005) (quotation omitted).

Under 28 U.S.C. § 455(a), a judge shall "disqualify himself in any proceeding in which his impartiality might reasonably be questioned." Recusal is appropriate under § 455(a) only if "an objective, disinterested, lay observer fully informed of the facts underlying the grounds on which recusal was sought would entertain a significant doubt about the judge's impartiality." *Amedeo,* 487 F.3d at 828 (quotation omitted). As a general rule, "a judge's rulings in the same case are not valid grounds for recusal." *Loranger v. Stierheim*, 10 F.3d 776, 780 (11th Cir. 1994).

Pursuant to 28 U.S.C. § 144, recusal of a district judge is required when a party "makes and files a timely and sufficient affidavit that the judge has a personal bias or prejudice either against him or in favor of an adverse party." 28 U.S.C. § 144. In other words, to warrant recusal under § 144, "the moving party must allege facts that would convince a reasonable person that bias actually exists." *Christo v. Padgett*, 223 F.3d 1324, 1333 (11th Cir. 2000). Moreover, "unsupported, conclusory, or tenuous allegations" are not sufficient to warrant disqualification. *Giles v. Garwood*, 853 F.2d 876, 878 (11th Cir. 1988).

Because Cintron failed to meet the statutory requirements to warrant recusal under 28 U.S.C. §§ 455(a) and 144, the district judge did not abuse his discretion in not disqualifying himself from passing on Cintron's § 2255 motion.

AFFIRMED.

3