[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-14500
Non-Argument Calendar
_____

D.C. Docket No. 5:14-cv-00082-LJA

KAMERON BERNARD KELSEY,

Plaintiff-Appellant,

versus

MACON BIBB COUNTY BOARD OF COMMISSIONERS,
MACON BIBB GEORGIA,
Detention Center,
JERRY MODENA,
Sheriff,
NATHANIEL JORDAN,
Officer,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Georgia
_____

(April 12, 2016)

Before TJOFLAT, WILLIAM PRYOR  and FAY, Circuit Judges.

PER CURIAM:

In June 2001, following a warrantless search of his vehicle by Nathaniel Jordan, a City of Macon police officer, Kameron Kelsey was arrested for robbery and possession of marijuana with intent to distribute.  The arrest led to his indictment in Bibb County, Georgia, in November 2002, for armed robbery, burglary, and possession of marijuana with intent to distribute.  A jury subsequently found Kelsey guilty on the armed robbery charge, and he was sentenced to prison for ten years.  The Georgia Court of Appeals affirmed his conviction.

Kelsey was released from prison in January 2013, and in February 2014, he brought this lawsuit seeking damages under 42 U.S.C. § 1983, for the violation of his rights under the federal constitution and under state tort law.  His amended complaint alleged that Jordan, and the remaining defendants vicariously as conspirators, searched his vehicle in violation of the Fourth Amendment; that Bibb County denied him his Sixth Amendment right to counsel and due process of law following the November 2002 indictment; that Jordan defamed him by stating in a newspaper article and on local television news that he was being charged with robbery; and that Bibb County coordinated a conspiracy to monitor him by tapping his telephone, tampering with his mail, and surveilling his activity.

2

After the parties joined issue, Kelsey moved the District Court for summary judgment on all claims. The defendants, responding, contended that Kelsey's § 1983 claims and his state-law claim for defamation were time-barred, and that his § 1983 claims were foreclosed by *Heck v. Humphrey*, 512 U.S. 477, 114 S. Ct. 2364, 129 L. Ed. 2d 383 (1994), because he could not establish that his conviction for armed robbery had been set aside. Kelsey, in reply, argued that the statutes of limitations were tolled during his imprisonment, from July 11, 2003, to January 5, 2013.

The District Court denied Kelsey's motion for summary judgment, and dismissed all of his claims as time-barred. The court also held that his § 1983 claims were foreclosed by *Heck*. Kelsey appeals the dismissal.[1] We affirm the dismissal on the statute-of-limitations grounds and do not consider the *Heck* ruling.

"We independently review the district court's ruling concerning the applicable statute of limitations." *Lovett v. Ray*, 327 F.3d 1181, 1182 (11th Cir. 2003) (per curiam) (quotation marks omitted) (quoting *Uboh v. Reno*, 141 F.3d 1000, 1002 (11th Cir. 1998)). "Federal courts apply their forum state's statute of limitations for personal injury actions to actions brought pursuant to 42 U.S.C.

---

[1] We note in passing that the District Court dismissed Kelsey's claims *sua sponte* without advance notice to him. Generally, a district court should give the plaintiff notice of its intent to dismiss a complaint on its own initiative. Notice may be dispensed with, though, if the claims asserted are patently frivolous or amending the complaint would be futile. *See Tazoe v. Airbus S.A.S.*, 631 F.3d 1321, 1336 (11th Cir. 2011). Amending Kelsey's complaint would be futile; hence, the dismissal was proper.

§ 1983." *Id.* (quotation marks omitted) (quoting *Uboh*, 141 F.3d at 1002).

Georgia's statute of limitations for personal injury actions is two years. *Id.*;

O.C.G.A § 9-3-33. "Federal law determines when the statute of limitations begins

to run." *Lovett*, 327 F.3d at 1182 (citing *Rozar v. Mullis*, 85 F.3d 556, 561 (11th

Cir. 1996)). "Generally, 'the statute of limitations does not begin to run until the

facts which would support a cause of action are apparent or should be apparent to a

person with a reasonably prudent regard for his rights.'" *Id.* (quoting *Rozar*, 85

F.3d at 561–62). In particular, "the statute of limitations upon a § 1983 claim

seeking damages for a false arrest in violation of the Fourth Amendment, where

the arrest is followed by criminal proceedings, begins to run at the time the

claimant becomes detained pursuant to legal process." *Wallace v. Kato*, 549 U.S.

384, 397, 127 S. Ct. 1091, 1100, 166 L. Ed. 2d 973 (2007).

Federal courts generally refer to state law for tolling rules in § 1983 actions.

*Id.* at 394, S. Ct. at 1098. Georgia law tolls the limitations period for certain

disabled individuals, but excludes prisoners from the list of persons entitled to

tolling. *Giles v. Garwood*, 853 F.2d 876, 877–78 (11th Cir. 1988) (per curiam);

O.C.G.A. § 9-3-90. Prisoners are therefore subject to the generally applicable two-

year limitations period for § 1983 suits. *Giles*, 853 F.2d at 877–78.

Kelsey's § 1983 claims were untimely, because they were filed after the

two-year limitations period for § 1983 claims in Georgia expired. *Lovett*, 327 F.3d

4

at 1182; O.C.G.A. § 9-3-33.   Kelsey's § 1983 claims accrued, at the latest, when he was convicted in 2003, at which time he was held according to legal process and the facts that would support his constitutional claims should have been apparent to him.  The same statute setting out the statute of limitations for personal-injury claims barred Kelly's defamation claim.  Actions for injuries to reputation "must be brought within one year after the right of action accrues." O.C.G.A. § 9-3-33.

**AFFIRMED.**