[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-15548
Non-Argument Calendar
_____

D.C. Docket No. 1:14-cv-24624-CMA

JOSE YEYILLE,

Plaintiff-Appellant,

versus

MIAMI DADE COUNTY PUBLIC SCHOOLS,
LISA ROBERTSON,
in her individual and official capacity,
as Principal of John A. Ferguson Senior High School,
ARMANDINA ACOSTA-LEON,
in her individual and official capacity,
as Assistant Principal of John A. Ferguson Senior High School,
ASUNCION VALDES,
in her individual and official capacity,
as Payroll and Substitute Teacher Locator of John A. Ferguson Senior High
School,
EGNA RIVAS,
in her individual and official capacity,
as Attendance Office Secretary of John A. Ferguson Senior High School, et al.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(May 31, 2016)

Before WILSON, MARTIN and JILL PRYOR, Circuit Judges.

PER CURIAM:

Jose Yeyille, a lawyer proceeding pro se, appeals the district court's denial

of his Federal Rule of Civil Procedure 60(b)(6) motion.  After District Judge

Altonaga dismissed Yeyille's third amended complaint and while Yeyille's appeal

of that dismissal was pending in this Court,[1] Yeyille sought Judge Altonaga's

retroactive recusal pursuant to 28 U.S.C. § 455.  Yeyille claimed that recusal was

warranted because Judge Altonaga had apparent conflicts with respect to his case,

which "render[ed] the adversarial legal system[] a farce."  Judge Altonaga denied

Yeyille's Rule 60(b)(6) motion, and Yeyille appealed.  After careful consideration,

we affirm.[2]

_____

[1] We affirmed the district court's dismissal of the suit on February 22, 2016, Yeyille v. Miami Dade Cty. Pub. Sch., No. 15-13053, 2016 WL 692050 (11th Cir. Feb. 22, 2016) (per curiam) (unpublished), and Yeyille's petition for rehearing was denied on April 20, 2016.

[2] On appeal, Yeyille also moved to supplement the record with a school board memorandum and meeting minutes.  We may allow a party to supplement the record on appeal if this would "aid [in] making an informed decision."  Schwartz v. Millon Air, Inc., 341 F.3d 1220, 1225 n.4 (11th Cir. 2003).  Neither of these documents would aid in making our decision.  The memorandum is a slightly revised version of one Yeyille included in his Rule 60(b)(6) motion, and none of the revisions are relevant to Yeyille's recusal claim.  The meeting minutes show that the law firm of Holland & Knight, LLP was ultimately retained by the school board, but this fact

We review a district judge's decision not to recuse herself for abuse of discretion. United States v. Berger, 375 F.3d 1223, 1227 (11th Cir. 2004) (per curiam). A district judge must recuse herself "in any proceeding in which [her] impartiality might reasonably be questioned." 28 U.S.C. § 455(a). "The test is whether an objective, disinterested, lay observer fully informed of the facts underlying the grounds on which recusal was sought would entertain a significant doubt about the judge's impartiality." Parker v. Connors Steel Co., 855 F.2d 1510, 1524 (11th Cir. 1988). "A judge should not recuse [her]self based upon unsupported, irrational, or tenuous allegations." Giles v. Garwood, 853 F.2d 876, 878 (11th Cir. 1988) (per curiam).

Yeyille argues that Judge Altonaga should have recused herself for two reasons: (1) Judge Altonaga was a member of the steering committee for a 2014 "Bench and Bar Conference" in Miami, as was opposing counsel in this case (along with forty other people); and (2) Judge Altonaga's husband is a partner at Holland & Knight, which was hired by the defendant school board to work on an unrelated matter several months after Judge Altonaga dismissed Yeyille's case.[3]

---

does not aid in considering Yeyille's recusal claim. We deny Yeyille's motion to supplement the record on appeal.

[3] Yeyille appears to make several additional arguments that are not relevant to his recusal motion: First, Yeyille claims that Judge Altonaga erred by refusing to exercise jurisdiction over his motion. Yeyille has this wrong. Judge Altonaga exercised jurisdiction in order to consider his motion and never mentioned lacking jurisdiction over it. Second, Yeyille claims that the Dominican Republic hired Holland & Knight to appeal an order by Judge Altonaga in an

As to the first reason, Yeyille says that Judge Altonaga's "membership in the Steering Committee predisposed [her] to rule in favor of [opposing counsel]," though he does not explain why. As to the second reason, Yeyille implies that Judge Altonaga knew the school board might hire Holland & Knight to work on an unrelated matter in the future, so she dismissed Yeyille's case because it "constituted an obstacle" to that agreement and "in exchange for a retainer contract."

Yeyille makes serious accusations against the judiciary—including branding the judges of the Southern District of Florida "mere agents and hacks." Yet he supports these accusations with no facts. As a member of the bar, he should know better. Regarding the "Bench and Bar Conference," Yeyille identifies nothing beyond shared membership in the forty-two-person steering committee that could suggest Judge Altonaga was biased in favor of opposing counsel. An objective, disinterested, lay observer would not entertain a significant doubt about Judge Altonaga's impartiality based on her mere participation in a large conference in which an attorney who appeared before her also participated. See Parker, 855 F.2d

---

unrelated case, making it appear that Judge Altonaga helped her husband's law firm secure the Dominican Republic as a client. This allegation is not related to Yeyille's recusal motion in this case. Finally, Yeyille claims that some relatives of judges in the Southern District of Florida work for Miami law firms, which makes the court "resemble[] a private court run by an oligarchy composed of the local noblesse de robe similar to a French parlement before the Revolution." This allegation is also unrelated to Yeyille's recusal motion.

4

at 1524.  This type of unsupported and tenuous allegation does not warrant recusal. See Giles, 853 F.2d at 878.

The same goes for Yeyille's second ground for recusal—that the school board retained Holland & Knight on an unrelated matter after Judge Altonaga dismissed Yeyille's case.  Although Yeyille claims this creates the appearance of a quid pro quo agreement, he presents no relevant facts supporting the existence of such an agreement.  To the contrary, the facts show that: (1) Judge Altonaga dismissed Yeyille's case before the school board even began the process of selecting a law firm in the other matter; and (2) the matter for which the school board sought representation was wholly unrelated to Yeyille's case.  This was not a sufficient ground for recusal.

The district court did not abuse its discretion by denying Yeyille's recusal motion, because he failed to show that an objective observer would question Judge Altonaga's impartiality.  We AFFIRM the district court's denial of Yeyille's motion.  Yeyille's motion to supplement the record on appeal is DENIED.

**AFFIRMED.**