[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 20-13862
Non-Argument Calendar
_____

D.C. Docket No. 1:20-cv-03807-ELR

LATRENT D. MONTGOMERY,

Plaintiff-Appellant,

versus

RJ REYNOLDS TOBACCO COMPANY,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(April 23, 2021)

Before WILLIAM PRYOR, Chief Judge, MARTIN and BRANCH, Circuit Judges.

PER CURIAM:

LaTrent Montgomery appeals *pro se* the dismissal of his complaint against R.J. Reynolds Tobacco Company. The district court allowed Montgomery to proceed *in forma pauperis*, and it later *sua sponte* dismissed his complaint as frivolous. 28 U.S.C. § 1915(e)(2)(B). Montgomery challenges the dismissal of his complaint and the denial of his motion for recusal of the district court. We affirm.

The district judge did not abuse her discretion by refusing to recuse. A judge must recuse if she "has a personal bias or prejudice either against [the moving party] or in favor of any adverse party," 28 U.S.C. § 144, or if "an objective, fully informed lay observer would entertain significant doubt about the judge's impartiality," *Christo v. Padgett*, 223 F.3d 1324, 1333 (11th Cir. 2000) (citing 28 U.S.C. § 455). Montgomery alleged that it was "inappropriate for a woman" to preside over a case "about an eunuch" and that concerned his "personal and sexual information." Montgomery identified no personal bias or prejudice on the part of the district judge that required recusal. *See Giles v. Garwood*, 853 F.2d 876, 878 (11th Cir. 1988) ("A judge should not recuse himself based upon unsupported, irrational, or tenuous allegations."). The district judge was not required to recuse absent an allegation that she had a disqualifying bias against or interest adverse to Montgomery.

The district court also did not abuse its discretion by *sua sponte* dismissing Montgomery's complaint. A complaint is "frivolous if it is without arguable merit

2

either in law or fact." *Bilal v. Driver*, 251 F.3d 1346, 1349 (11th Cir. 2001).

Montgomery alleged that, because he was the "Trent God," R.J. Reynolds

incorporated his personal information, including his date of birth and social

security number, in the packaging for its cigarettes. Those actions, Montgomery

alleged, resulted in him "being exploited" and his "privacy being invaded," which

caused him to "self-castrate." Montgomery does not dispute that he failed either to

state a claim arising under federal law, 28 U.S.C. § 1331, or to allege diversity of

citizenship between him and the company, *id.* § 1332(a), to invoke the jurisdiction

of the district court. *See Travaglio v. Am. Express Co.*, 735 F.3d 1266, 1268 (11th

Cir. 2013) (requiring a plaintiff to allege facts that establish subject-matter

jurisdiction); *see also* Fed. R. Civ. P. 8(a)(1). Montgomery also does not dispute

that his complaint was devoid of facts to provide R.J. Reynolds "fair notice of what

the claim is and the grounds upon which it rests," *Bell Atl. Corp. v. Twombly*, 550

U.S. 544, 554 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)), or of

what relief he sought. *See* Fed. R. Civ. P. 8(a)(2)–(3).

We **AFFIRM** the dismissal of Montgomery's complaint.

3