[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 22-13269

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

MICHAEL RAY ALFORD,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida
D.C. Docket No. 5:16-cr-00028-RH-MAF-1

_____

Before LAGOA, BRASHER, and BLACK, Circuit Judges.

PER CURIAM:

Michael Ray Alford, a federal prisoner proceeding *pro se*, appeals the denial of a post-judgment motion for recusal she filed in her criminal case. The Government, in turn, moves for summary affirmance and to stay the briefing schedule.

The record shows Alford was originally convicted in 2017 of, *inter alia*, one count of receiving child pornography, 18 U.S.C. § 2252A(a)(2), (b)(1). The Honorable Robert Hinkle presided over the case. After being found guilty by a jury, Alford appealed her conviction and we affirmed. *See United States v. Alford*, 744 F. App'x 650 (11th Cir. 2018). During the pendency of her appeal Alford sought to be released several times without success and, later filed a 28 U.S.C. § 2255 motion. In the present case, Alford asked Judge Hinkle to recuse himself and he denied the motion. This appeal followed.

Alford asserts, in part, that Judge Hinkle was biased against her. She contends he incorrectly believed her to be guilty based on the jury verdict rather than the law and evidence she presented, leading him to state he would not release her even if he had the discretion to do so. Alford argues he was biased against her in a previous 2002 case and in connection with the § 2255 motion. In support of its motion, the Government contends Alford did not

show improper bias or pervasive bias and prejudice to merit recusal. After review,[1] we affirm.

A judge must recuse himself "in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). Thus, "[t]he test is whether an objective, disinterested, lay observer fully informed of the facts underlying the grounds on which recusal was sought would entertain a significant doubt about the judge's impartiality." *Parker v. Connors Steel Co.*, 855 F.2d 1510, 1524 (11th Cir. 1988). Generally, a disqualification for bias under § 455 arises from an extrajudicial source. *Giles v. Garwood*, 853 F.2d 876, 878 (11th Cir. 1988). Judicial rulings alone almost never constitute a valid basis for a bias or partiality motion. *United States v. Amedeo*, 487 F.3d 823, 828 (11th Cir. 2007). Unless a defendant can show pervasive bias, a judge's rulings in the same or a related case are not a sufficient basis for recusal. *Bolin v. Story*, 225 F.3d 1234, 1239 (11th Cir. 2000). "[A] judge, having been assigned to a case, should not recuse himself on unsupported, irrational, or highly tenuous speculation." *In re Moody*, 755 F.3d 891, 895 (11th Cir. 2014) (quotation marks omitted).

We affirm Judge Hinkle's decision not to recuse himself, as Alford did not demonstrate he was biased against her. Her arguments primarily revolve around the court's adverse rulings against her in her criminal case and a past criminal proceeding. Judicial

---

[1] We review a district judge's decision not to recuse himself for an abuse of discretion. *United States v. Berger*, 375 F.3d 1223, 1227 (11th Cir. 2004).

rulings alone, however, almost always do not constitute evidence of bias. *Amedeo*, 487 F.3d at 828. Further, aside from disagreeing with how Judge Hinkle ruled, she does not show pervasive bias in his rulings, and his adverse rulings are not sufficient to show bias. *Bolin*, 225 F.3d at 1239. Therefore, she has not shown bias, and the district court did not abuse its discretion in denying her motion.

Accordingly, we GRANT the government's motion for summary affirmance and DENY its motion to stay the briefing schedule as moot. *See Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969)[2] (explaining summary disposition is appropriate, in part, where "the position of one of the parties is clearly right as a matter of law so that there can be no substantial question as to the outcome of the case . . . .").

**AFFIRMED.**

---

[2] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), this Court adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to close of business on September 30, 1981.