[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 22-12269

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

IRAN DWAYNE KETCHUP,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Georgia
D.C. Docket No. 4:94-cr-00025-CDL-MSH-1

_____

Before ROSENBAUM, GRANT, and ABUDU, Circuit Judges.

PER CURIAM:

In 1998, Iran Ketchup, a *pro se* federal prisoner, filed a 28 U.S.C. § 2255 motion to vacate his sentences. The district court denied his motion in 2001. Then, almost 20 years later, Ketchup moved for relief from that judgment under Federal Rule of Civil Procedure 60. The district court denied that motion as well. Ketchup subsequently moved for disqualification of the district court judge who denied his Rule 60 motion.[1] He argued that the judge should have disqualified himself because: (1) he could not be impartial to the case because granting Ketchup's motion would have potentially disgraced another judge's career; (2) he had expressed positive personal feelings towards the judge who presided over Ketchup's original trial at the former judge's portrait unveiling; (3) he was unwilling to review Ketchup's prior cases; (4) he had previously erroneously rejected Ketchup's claims; and (5) a material witness in his case was within a "third degree of relationship" with the district court judge. Again, the district court denied the motion. Ketchup's appeal followed.

---

[1] Ketchup also moved to file out-of-time objections and to strike the government's response to his Rule 60 motion, which the district court also denied. However, we will not review the denial of those motions because Ketchup failed to plainly and prominently raise those issues in his appellate brief. *See Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008) (holding that issues not briefed by a *pro se* litigant are deemed abandoned).

We review *de novo* whether a case is moot. *Christian Coal. of Fla., Inc. v. United States*, 662 F.3d 1182, 1188 (11th Cir. 2011). Issues are "moot when [they] no longer present[] a live controversy with respect to which the court can give meaningful relief." *Id.* at 1189 (internal quotation marks omitted) (quoting *Friends of Everglades v. S. Fla. Water Mgmt. Dist.*, 570 F.3d 1210, 1216 (11th Cir. 2009)). We have no authority to rule on moot issues. *Id.*

We review a district court's denial of a motion for judicial disqualification for abuse of discretion. *Giles v. Garwood*, 853 F.2d 876, 878 (11th Cir. 1988). A judge should disqualify himself from any proceeding in which his impartiality might reasonably be questioned "or if he has a personal bias against a party." *Id.*; *see also* 28 U.S.C. § 455(a), (b)(1). When reviewing for impropriety, the allegations must be reviewed to determine whether an objective, disinterested layperson, who is fully informed of all the facts underlying the allegations, "would entertain a significant doubt about the judge's impartiality." *United States v. Patti,* 337 F.3d 1371, 1321 (11th Cir. 2003) (internal quotation marks omitted) (quoting *Parker v. Connors Steel Co.*, 855 F.2d 1510, 1524 (11th Cir. 1988)). When reviewing for bias, "[t]he bias must arise from an extrajudicial source, except in the rare case where pervasive bias and prejudice is shown by otherwise judicial conduct." *Giles*, 853 F.2d at 878 (internal quotation marks omitted) (quoting *Davis v. Bd. of Sch. Comm'rs*, 517 F.2d 1044, 1051 (5th Cir. 1975)).

A judge is not required to "recuse himself based on unsupported, irrational, or tenuous allegations." *Id.* If a judge fails to

disqualify himself from a case where disqualification is warranted, vacatur of the judgment is a possible remedy. *See Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 863-64 (1988) (vacating a district court decision when the district court judge failed to disqualify himself under § 455(a)).

On appeal, Ketchup contends the district court abused its discretion when it denied his motion to disqualify, relying on the reasons he stated in the original motion. In response, the government argues that this case is moot and, alternatively, that Ketchup's contention is meritless.

As a preliminary matter, the current case is not moot. If we were to hold that the district court judge should have disqualified himself from the case, a possible remedy would be to vacate the denial of Ketchup's Rule 60 motion, *id.,* which would represent meaningful relief to him, *Christian Coal.*, 662 F.3d at 1189.

Nevertheless, we affirm the district court's denial of Ketchup's motion to disqualify because the district court did not abuse its discretion. Ketchup's accusations amounted to unsupported and tenuous allegations, and they did not support the conclusion that the district court judge should have recused himself. *Giles*, 853 F.2d at 878. The district court judge's impartiality cannot be reasonably questioned, nor do the allegations support a finding that the judge held a personal bias against Ketchup. *Id.* Thus, we **AFFIRM** the district court's denial of Ketchup's motion to disqualify.