[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 22-12608

Non-Argument Calendar

_____

In re: JOHNNY BRETT GREGORY,

Debtor.

_____

JOHNNY BRETT GREGORY,

Plaintiff-Appellant,

*versus*

KATHRYN S. WHITLOCK,
STEPHEN W. ROTHRING,
WILLIAM D. NESMITH, III,
PATRICK N. ARNDT,
ROBERT L. GOLDSTUCKER, et al.,

Defendants-Appellees.

2                    Opinion of the Court                    22-12608

_____

No. 23-11606

Non-Argument Calendar

_____

In re: JOHNNY BRETT GREGORY,

Debtor.

_____

JOHNNY BRETT GREGORY,

Plaintiff-Appellant,

*versus*

C. LEE DANIEL, III,
JAMES H. PHILLIPS,
NATHAN D. LOCK,
SAMUEL L. SANDERS,
CURTIS KLEEM, et al.,

Defendants-Appellees.

_____

Appeals from the United States District Court
for the Northern District of Georgia
D.C. Docket No. 4:22-cv-00118-MLB

_____

22-12608                Opinion of the Court                3

Before JILL PRYOR, BRANCH, and ABUDU, Circuit Judges.

PER CURIAM:

Johnny Gregory appeals the district court's orders: (1) denying him *in forma pauperis* ("IFP") status for his bankruptcy appeal; (2) dismissing his bankruptcy appeal as frivolous; (3) denying as moot the motions that he had filed before the dismissal of his bankruptcy appeal; (4) denying his Federal Rule of Civil Procedure 59(e) and 60(b) motions; (5) denying as moot the motions that he had filed before the court ruled on his Rule 59(e) and 60(b) motions; and (6) denying a series of motions and issuing a filing injunction.[1] After review, we affirm.

## I. FACTUAL BACKGROUND & PROCEDURAL HISTORY

In May 2015, Gregory attempted to bring an involuntary bankruptcy petition against multiple defendants, which the bankruptcy court dismissed with prejudice and struck as *void ab initio*. Gregory appealed the bankruptcy court's dismissal to the district court, and the district court affirmed. In December 2015, the bankruptcy court closed Gregory's case.

In 2020, the bankruptcy court docketed a letter from Gregory, which it construed as a motion to reopen the involuntary petition based on fraud and conspiracy. The court denied his motion,

---

[1] Gregory also moves for sanctions against one of the appellees, for us to take judicial notice of various court filings and a news article, for appointment of a special master, and to void a state court order. We **DENY** these motions because Gregory failed to make the showings required for each motion.

concluding that Gregory failed to submit evidence supporting his allegations. Gregory appealed, and the district court affirmed, finding that Gregory's appeal was frivolous. He then appealed to this Court, but we dismissed his case for want of prosecution.

Back at the bankruptcy court, in October 2020, the defendants filed a motion for contempt against Gregory, arguing that he had violated the court's orders, rules, and instructions. Shortly thereafter, Gregory filed a motion "for Conflict of Interest," which the bankruptcy court denied.

Gregory then filed a self-styled *pro se* complaint in the bankruptcy court, in which he sought a permanent injunction to prevent various defendants from e-mailing or attempting to e-mail him. He claimed that the e-mails certain defendants had sent him contained false information designed to harass and intimidate him, in violation of state and federal law, and broadly claimed the defendants had committed fraud.

The bankruptcy court *sua sponte* dismissed Gregory's complaint for lack of jurisdiction because Gregory did not invoke any right under the Bankruptcy Code, nor did his filing relate to any other bankruptcy case involving him, as his petition for involuntary bankruptcy in the separate proceeding had been dismissed. The bankruptcy court also noticed the parties of the date and time of a status conference to be held on the defendants' contempt motion.

Gregory appealed to the district court the bankruptcy court's orders dismissing his complaint, denying his motion alleging conflict of interest, and noticing the status conference. In his

notice of appeal, he argued that the bankruptcy judge harbored bias against him for speaking out against the lack of diversity in bankruptcy courts and favoritism to white parties in bankruptcy cases. In his notice, he listed Patrick N. Arndt, Stephen W. Rothring, Robert L. Goldstucker, William D. NeSmith, and Kathryn S. Whitlock, who had each appeared as counsel in the bankruptcy court, as defendants. He later sought to amend his notice of appeal to add several parties, including Nall & Miller, LLP. He also moved the district court for IFP status on appeal from the bankruptcy court orders.

After filing his appeal from the bankruptcy court, Gregory filed various motions in the district court. In July 2022, the district court denied Gregory's motion for IFP status, and *sua sponte* dismissed his bankruptcy appeal as frivolous, under 28 U.S.C. § 1915(e)(2)(B)(i). First, it determined that Gregory failed to provide sufficient information to allow it to determine whether he could pay the filing fee. Second, the court reasoned that, even if Gregory had established an inability to pay the filing fee, he could not show that the appeal was taken in good faith. It explained that it had reviewed the record and determined that there were no non-frivolous issues to appeal. It noted the only argument that Gregory had advanced in support of his appeal was related to the bankruptcy judge's alleged bias, but nothing in the record supported his argument on that issue. The court also denied as moot the various motions that Gregory had filed after his bankruptcy appeal.

Gregory appealed and moved the district court for permission to proceed IFP in this Court, which it denied. We then docketed Gregory's initial appeal under Case No. 22-12608.

Five days later, Gregory filed a Rule 59(e) motion to alter the district court's judgment denying IFP from the bankruptcy court, dismissing his bankruptcy appeal, and denying as moot the various motions that he had filed after his bankruptcy appeal. He stated that the court had based its decisions on "a clear error of fact," and he requested that his bankruptcy appeal be reinstated. He attached various records from the bankruptcy court proceedings and separate state and federal cases that he previously had filed without explaining how the records supported his motion. He also attached a memorandum in support in which he appeared to argue that Whitlock committed fraud and held a racial bias against him. The memorandum included records related to bankruptcy court proceedings of unexplained relevance.

Before the court ruled on his Rule 59(e) motion, Gregory filed several motions, including two Rule 60(b) motions for relief from the district court judgments: (1) dismissing his bankruptcy appeal; and (2) denying his motion for IFP status in this Court. First, Gregory sought relief under Rule 60(b)(2), arguing that the defendants had violated federal law by scheming to defraud him and the federal government. He based this argument on newly discovered evidence, which he attached to the motion, although the "evidence" provided bore no relation to his arguments. Second, he moved for relief under Rule 60(b)(3), arguing that Whitlock

perpetrated fraud on the court because she failed to disclose a Georgia state court decision, again, without further elaboration. He attached various documents that he had filed in other state and federal cases, without explaining how the documents supported his motions.

In December 2022, the district court denied Gregory's Rule 59(e) and 60(b) motions on the merits. In denying the Rule 59(e) motion, the court explained that, besides Gregory's assertion that it had based its decision on "a clear error of fact," he provided no explanation as to how the court had erred in dismissing the appeal, or in denying his motion for IFP status from the bankruptcy court orders. Similarly, it determined that he failed to demonstrate an entitlement to relief under Rule 60(b), as he did not specify how the defendants had committed fraud on the court, nor did he explain how the "newly discovered evidence" supported his motion. Having declined to reinstate the appeal or reconsider the judgment, the court denied as moot all of the other motions that were pending. Additionally, the court warned Gregory that if he filed more documents asserting potentially false allegations, that it may impose sanctions upon him.

Shortly thereafter, Gregory filed an amended notice of appeal in this Court. He designated, as the orders being appealed from, the district court decisions denying IFP status for his bankruptcy appeal, dismissing his bankruptcy appeal as frivolous, denying as moot the motions that he had filed before the dismissal of his bankruptcy appeal, denying his Rule 59(e) and 60(b) motions, and

denying as moot the motions that he had filed before the court ruled on his Rule 59(e) and 60(b) motions.

Then, in January 2023, Gregory filed several motions, which requested, for the second time, among other things, that the district court permit him to proceed IFP on appeal in this Court. In May 2023, the district court denied Gregory's motions, finding that he "continued to assert claims detached from reality" and that the motions were "virtually unintelligible." The court directed the clerk not to docket any additional filings in the case, other than a notice of appeal, without first obtaining its express written consent.

Gregory filed a notice of appeal with this Court as to the district court's May 2023 order denying his motions and issuing a filing injunction, which we docketed as Case No. 23-11606. Gregory subsequently moved to consolidate his two appeals, which we granted. We now address each of Gregory's arguments in turn.

## II. STANDARDS OF REVIEW

We, as a second court of review of a bankruptcy court's decisions, independently examine that court's factual and legal determinations, applying the same standards of review as the district court. *IBT Int'l, Inc. v. Northern (In re Int'l Admin. Servs.)*, 408 F.3d 689, 698 (11th Cir. 2005). We review for an abuse of discretion the denial of Rule 59 motions, *Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007), Rule 60(b) motions, *Big Top Koolers, Inc. v. Circus-Man Snacks, Inc.*, 528 F.3d 839, 842 (11th Cir. 2008), and the district court's decision to impose a filing injunction, *Miller v. Donald*, 541 F.3d 1091, 1096 (11th Cir. 2008). We review *de novo* whether a case

22-12608              Opinion of the Court                    9

is moot.  *Christian Coal. of Fla., Inc. v. United States*, 662 F.3d 1182, 1188 (11th Cir. 2011).

We ordinarily review the district court's denial of a recusal motion for an abuse of discretion.  *Jenkins v. Anton*, 922 F.3d 1257, 1271 (11th Cir. 2019).  However, when a plaintiff in a civil case fails to argue for a judge's recusal before the district court, we review the recusal request under the civil plain error rule.  *Id.* at 1272.  Under such rule, we will only review the issue if the plaintiff demonstrates that a miscarriage of justice would occur if we did not review the issue.  *Id.*

Although *pro se* pleadings are liberally construed and held to less stringent standards, *pro se* litigants are still required to conform to procedural rules.  *Albra v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir. 2007).  Further, the liberal treatment of *pro se* pleadings does not require courts "to serve as *de facto* counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action."  *Campbell v. Air Jamaica*, 760 F.3d 1165, 1168-69 (11th Cir. 2014) (internal quotation marks omitted).

### III. DISCUSSION

> *A. The District Court Did Not Abuse its Discretion in Denying Gregory's IFP Motion, Dismissing his Bankruptcy Appeal, Denying as Moot his Pending Motions, and Denying his Rule 59 and 60 Motions.*

A litigant cannot use a Rule 59(e) motion to "relitigate old matters, raise argument or present evidence that could have been raised" earlier.  *Arthur*, 500 F.3d at 1343 (internal quotation marks

omitted).  Instead, Rule 59(e) allows courts to grant a Rule 59(e) motion only where there is "newly-discovered evidence or manifest errors of law or fact."  *Id.* (internal quotation marks omitted).

Additionally, under Rule 60(b) of the Federal Rules of Civil Procedure, a court may relieve a party from a final judgment for, among other things, the discovery of new evidence or where the opposing party committed fraud.  Fed. R. Civ. P. 60(b)(2), (3).  Review under Rule 60(b) "is narrow in scope, addressing only the propriety of the denial . . . of relief and does not raise issues in the underlying judgment for review."  *Maradiaga v. United States*, 679 F.3d 1286, 1291 (11th Cir. 2012) (internal quotation marks omitted).  To succeed on appeal, the losing party must show that the justification for relief was so compelling that the district court was required to grant the Rule 60(b) motion.  *Id.*

To obtain relief from judgment pursuant to Rule 60(b)(2) based on newly discovered evidence, a movant must show that: (1) the evidence was freshly discovered since the judgment was entered; (2) the moving party exercised due diligence to discover the new evidence; (3) the evidence is not simply cumulative or impeaching; (4) the evidence is material; and (5) the evidence is such that is likely to produce a new outcome if the case were reconsidered. *Waddell v. Hendry Cnty. Sheriff's Off.*, 329 F.3d 1300, 1309 (11th Cir. 2003).  To obtain relief under Rule 60(b)(3), a movant must prove, by clear and convincing evidence, that the opposing party obtained the judgment through "fraud, misrepresentation,  or

22-12608               Opinion of the Court                    11

other misconduct." *Cox Nuclear Pharmacy, Inc. v. CTI, Inc.*, 478 F.3d 1303, 1314 (11th Cir. 2007) (internal quotation marks omitted).

Section 1915 of Title 28 of the U.S. Code authorizes federal courts to allow civil and criminal litigation to proceed without pre-payment of fees. 28 U.S.C. § 1915; *Neitzke v. Williams*, 490 U.S. 319, 324 (1989). The federal IFP statute is intended to provide indigent litigants with "meaningful access to the federal courts." *Neitzke*, 490 U.S. at 324. However, under the statute, district courts must dismiss cases at any time if it determines that the complaint is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2).

On appeal, Gregory argues that the district court abused its discretion in denying his Rule 59(e) and 60(b) motions because he alleged sufficient facts to entitle him to relief. In response, Arndt, Goldstucker, NeSmith, Nall & Miller, LLP, and Whitlock contend that this Court cannot review Gregory's claims against them because they were not proper parties before the district court or bankruptcy court.[2]

---

[2] While Arndt, Goldstucker, NeSmith, Nall & Miller, LLP, and Whitlock are correct that they were not proper parties before the bankruptcy court, they are incorrect in suggesting that this implicates our appellate jurisdiction, rather than the jurisdiction of the bankruptcy and district courts. We have jurisdiction over Gregory's appeals. However, the fact that Gregory initially brought this action against these parties in a forum which was not suited to hear it supports the lower courts' conclusions that he was not entitled to the relief he sought. *See Fleming Cos. v. Abbott Labs. (In re Infant Formula Antitrust Litig.),*

First, the district court did not abuse its discretion in denying Gregory's Rule 59(e) motion because he did not present new evidence to the district court or identify a manifest error of law. *Arthur*, 500 F.3d at 1343. Instead, Gregory accused the court of basing its decisions on "a clear error of fact," and requested that his bankruptcy appeal be reinstated, which is insufficient to constitute a manifest error of law. Furthermore, although he attached various records from the bankruptcy court proceedings and separate state and federal cases, he did not explain how the records supported his motion. On appeal, his arguments are similarly lacking, and again he does not explain why the district court should have reconsidered its frivolity determinations under § 1915(e)(2)(B)(ii).

Second, the district court did not abuse its discretion in denying Gregory's Rule 60(b) motions. Nothing in Gregory's motion warranted the district court's reconsideration under Rule 60(b)(2) because he failed to point to any new evidence which was material to the court's basis for dismissing the complaint or that the new evidence would affect the outcome of the case. *Waddell*, 329 F.3d at 1309. Moreover, his conclusory statements related to the fraud and conspiracy allegedly perpetrated by the defendants do not satisfy the "clear and convincing" standard required to obtain relief under Rule 60(b)(3). *See Cox Nuclear Pharmacy, Inc.*, 478 F.3d at 1314.

Finally, to the extent Gregory challenges the district court's denials of his varying motions as moot, such contention is

---

72 F.3d 842, 842-43 (11th Cir. 1995) (holding that the district court lacked jurisdiction to award injunctive relief against a non-party).

meritless. Upon the district court's dismissal of the bankruptcy appeal and the subsequent denials of Gregory's Rule 59(e) and 60(b) motions, the actions no longer presented a live controversy such that the court could give meaningful relief. *See Christian Coal. of Fla.*, 662 F.3d at 1189 (holding that issues are "moot when [they] no longer present[] a live controversy with respect to which the court can give meaningful relief") (internal quotation marks omitted).

> B. *The District Court Did Not Abuse Its Discretion in Imposing the Injunction Against Future Filings.*

Federal courts have the power and obligation to protect their courts from conduct that impairs their ability to properly function. *Miller v. Donald*, 541 F.3d 1091, 1096 (11th Cir. 2008). As such, courts have the ability to place conditions or restrictions upon litigants who file frivolous and vexatious lawsuits, for such filings threaten the availability of a well-functioning judiciary to other litigants. *Id.* Nevertheless, while the court may seriously restrict a litigant's filings, it cannot completely foreclose a litigant from all access to the courts. *Id.*

On appeal, Gregory contends that the district court abused its discretion in imposing the filing injunction. We disagree.

Here, the district court did not abuse its discretion in imposing the filing injunction. The district court acted within its power and authority in enjoining Gregory's continued submission of vexatious, frivolous filings. *Id.* The injunction does not limit Gregory from accessing the courts, for he merely needs to obtain permission from the district court to make additional filings. Additionally,

the injunction did not foreclose Gregory from filing a notice of appeal.  Thus, because the injunction did not completely foreclose Gregory's access to the courts, the district court did not abuse its discretion.  *Id.*

### C. Neither the District Court nor the Bankruptcy Court Erred in Failing to Recuse Themselves.

A judge should disqualify themself from any proceeding in which their impartiality might reasonably be questioned "or if [they have] a personal bias against a party." *Giles v. Garwood*, 853 F.2d 876, 878 (11th Cir. 1988); *see also* 28 U.S.C. § 455(a), (b)(1). When reviewing for impropriety, the allegations must be reviewed to determine whether an objective, disinterested layperson, who is fully informed of all the facts underlying the allegations, "would entertain a significant doubt about the judge's impartiality." *United States v. Patti,* 337 F.3d 1371, 1321 (11th Cir. 2003) (internal quotation marks omitted).  When reviewing for bias, "[t]he bias must arise from an extrajudicial source, except in the rare case where pervasive bias and prejudice is shown by otherwise judicial conduct." *Giles*, 853 F.2d at 878 (internal quotation marks omitted).  A judge is not required to "recuse himself based on unsupported, irrational, or tenuous allegations." *Id.*  Absent evidence of pervasive bias and prejudice, "a judge's rulings in the same or a related case may not serve as the basis for a recusal motion." *McWhorter v. City of Birmingham*, 906 F.2d 674, 678 (11th Cir. 1990).

Here, Gregory continues to assert that the district court judge had a personal vendetta against him as evidenced by the filing

injunction, and that the bankruptcy court judge favored white litigants.

We conclude that Gregory has not shown that either the bankruptcy court judge or the district court judge plainly erred by failing to *sua sponte* recuse themselves. The district court's imposition of the filing injunction was made in the context of judicial proceedings, and cannot serve as the basis for holding that the judge should have recused himself in the instant case, absent evidence of pervasive bias and prejudice, which he has failed to show. *Id.* at 678. Additionally, nothing in the bankruptcy court record indicates that the bankruptcy judge had a racial bias against Gregory, and Gregory's conclusory arguments in this respect also fail. *Id.* Thus, neither the district court judge nor the bankruptcy court judge plainly erred in failing to *sua sponte* recuse themselves.

### IV. CONCLUSION

For the reasons outlined above, the district court's orders are affirmed.

**AFFIRMED.**